Enos and others agt. Thomas and Hunter.

the same rules required the clerk to make up the calendar according to such dates. Such had long been the practice before (*Gr. Pr.*, 2*d ed.* 671–2), and there is nothing inconsistent with it in the Code or the present rules of this court.

In case of a motion to set aside an inquisition or report, the question was deemed to have arisen on the day when the writ of inquiry with the return, or when the inquisition or report was filed (*id* 672). In analogy to that practice we think the question in this case must be deemed to have arisen on the day when the report of the referee was filed.

Let the calendar be corrected accordingly.

5 How. 359–Followed, 40 How. 46.

## COURT OF APPEALS.

ENOS AND OTHERS, Respondents agt. THOMAS and HUNTER, Appellants.

An order of the Supreme Court denying a motion for stay of proceedings on the judgment, and for liberty to move to set aside a report of referee without an appeal, or for an order extending the time to appeal, is not an appealable order.

*March Term*, 1851. Motion to dismiss an appeal from an order made at a general term of the Supreme Court held at Albany on the 20th September 1850, denying a motion made on the part of the defendants for a stay of proceedings on the judgment, and for liberty to move to set aside the report of the referee without an appeal, or for an order extending the time to appeal,

E. F. BULLARD, *for Respondents.*

N. HILL JR., *for Appellants.*

By the Court, Ruggles, Ch. J.—This was not such an order as can be brought into this court to be reviewed on appeal. It involved a question of practice merely, addressed to the discretion of the court below (2 *Comstock,* 186; 3 *id.* 342).