## SUPREME COURT.

HENRY MCCANN agt. PATRICK BRADLEY and WILLIAM BRADLEY, administrators, &c.

Where an action is commenced against a defendant, and *pendente lite*, he dies, and his administrators are substituted defendants, and the action is continued under the Code, without any presentment of the claim to the defendants, or offer to refer under the Revised Statutes, the plaintiff cannot recover *costs*, if he succeeds in the action.

*New-York General Term, November, 1855.*
*Present,* MITCHELL, CLERKE *and* COWLES, *Justices.*

THIS action was originally commenced in November, 1853, against James Diamond and John Haggerty, as partners, to recover for work and labor. After the service of the summons and complaint on Haggerty, and before the same was served upon Diamond, Diamond died. Haggerty put in an answer making an issue. An order was subsequently entered continuing the action against Haggerty as surviving partner of Diamond, deceased, and the cause in this situation was referred to Wm. H. Elting, referee, to hear and determine.

During the trial before the referee, Haggerty died, and the defendants, his administrators, were subsequently substituted by an order of the court, in his place.

The trial, after their substitution, was continued and concluded before the same referee, who reported $284.27, in favor of the plaintiff.

The plaintiff then moved to be allowed the costs of the action to be taxed, and an extra allowance.

This motion was denied at special term in May, 1855, and the following opinion given:

ROOSEVELT, Justice. The plaintiff claimed nearly twice as much as he was entitled to. The defendants, therefore, properly resisted his demand, and I may assume that the expense

of the referee was principally attributable to plaintiff. There should, therefore, be no allowance.

But the statute goes further, and declares that no costs shall be recovered "in any suit at law against any executors or administrators," unless it appear that the demand was first presented to them, or unreasonably resisted, or neglected, or refused to be referred; and it must not only have been presented before suit, but (if advertised for) before the expiration of the time limited in the notice; and accompanied too, if required, by vouchers and affidavits; and it is reasonable that it should be so, when claims are made upon representatives of dead persons.

The act is remedial and to be therefore liberally construed.

Motion for costs and extra allowance denied.

The plaintiff thereupon appealed from the decision at special term to the general term.

NELSON SMITH, *for plaintiff.*
S. M. & D. E. MEEKER *and* JESSE C. SMITH, *for defendants.*

By the court—COWLES, Justice. What costs a party is entitled to, depends upon the state of facts and the law, as they exist at the date of the judgment. They do not vest from time to time as the suit proceeds.

Therefore if the law *pendente lite*, alters or amends the law as to costs, the state of the case at the date of the judgment controls

Here the suit abated unless it was revived, and without asking the administrators here to refer, the plaintiff revived the suit and went on. Besides, he claimed more than he was entitled to, so plaintiff cannot recover his costs.