Lemen agt. Wood.

---

## SUPREME COURT.

Tom E. Lemen, Respondent agt. Daniel H. Wood and others, administrators, &c., of David J. Wood, dec'd, Appellants. And three other causes between same parties.

Where an action is commenced against the intestate in his lifetime, and after his death is allowed by an order of the court to be continued against his administrators, in pursuance of section 121 of the Code, the administrators are liable for costs, without any application to the court therefor, where the plaintiff succeeds in the action, and is entitled to costs.

*The 41st section, title third, chapter six of the second part of the Revised Statutes, (2 R. S. 99,) which is referred to as the exception contained in section 317 of the Code, contemplates, in ·connection with several sections which precede it, an action commenced against executors or administrators; not one commenced against the intestate ·in his lifetime.*

*Monroe General Term, March,* 1858.

*Before* WELLES, SMITH *and* JOHNSON, *Justices.*

APPEAL from order at special term, denying motion by defendants to set aside ·or modify judgment for plaintiff, by striking out or vacating all of the judgment relating to costs, &c.

S. HUBBARD, *for appellant.*

J. A. VANDERLIP, *for respondent.*

WELLES, Justice. The action was originally brought against David J. Wood, to recover money alleged to be due on contract. The defendant demurred to the complaint, which demurrer was sustained at special term. The plaintiff appealed to the general term from the order sustaining the demurrer, and after the appeal was perfected and before the same was decided, the defendant, the said David J. Wood, died. The action was continued against the above defendants as administrators of the said David J. Wood, deceased, by an order of the court duly made on motion. The general term reversed the order sustaining the demurrer, and the plaintiff perfected final judgment against the ·above named defendants as administrators of, &c., of the said David J. Wood, deceased, for $566.56 damages, and $87.15 costs. The motion was to strike out from the judgment the award of costs, upon the ground that the defendants are administrators, and the judgment for costs was entered without motion to the court therefor and without leave granted by the court.

The defendants claim that the Revised Statutes prohibit a recovery for costs in an action against executors and administrators, unless ordered by the court on application, and rely upon 2 *R. S.* 90, § 41. The Code, section 317, provides that " in an action prosecuted or defended by an executor,

administrator, trustee of an express trust, or a person expressly authorized by statute, costs shall be recovered as in an action by and against a person prosecuting or defending in his own right, but such costs shall be chargeable only upon or collected of the estate, fund or party represented, unless," &c. " But this section shall not be construed to allow costs against executors or administrators, where they are now exempted therefrom by section forty-one of title three, chapter six of the second part of the Revised Statutes," &c.

It is contended on the part of the defendants, that the section of the Revised Statutes, to which reference is made, applies to and should govern the present case. In this, however, I cannot agree. That section clearly contemplates, in connection with several sections which precede it, an action *commenced* against executors or administrators. Here the action was commenced against the intestate in his lifetime, and after his death was allowed by an order of the court to be continued against his representatives, in pursuance of section 121 of the Code. This circumstance distinguishes the case from *Bradley* agt. *Gould's executors*, (3 *Denio*, 261,) which is relied upon with much confidence by the defendants' counsel. If we are right in holding that the case is not controlled by the Revised Statutes, then the plaintiff was by section 317 of the Code, entitled to recover costs.

The order appealed from, should be affirmed with ten dollars costs.

## Note.

The following letter was received with a request that it be published in the present number:—

"BINGHAMTON, *August 31st,* 1858.

"N. HOWARD, JR., Esq.

"Dear Sir: I regret that you have published the opinions delivered by me in *The Bank of Havana* agt. *Wickham and others,* and *Roosevelt* agt. *Draper and others.* I request you to say in the next number of your Reports, that you published those opinions without any authority from me.

"The opinion in *The Bank of Havana* agt. *Wickham and others,* was delivered in 1857, instead of 1858; and it was not concurred in by all of the justices who held the term at which the cause was decided. Besides, some portions of that opinion are not correctly printed. The cause in which it was delivered is now in the court of appeals; and I did not intend the opinion should ever be published; certainly not unless I revised it.

"In *Roosevelt* agt. *Draper and others,* an opinion written by Justice HARRIS, was presented by one of the justices who sat in the cause, which I supposed was concurred in by at least one of the justices, and was filed as an opinion in the cause. That opinion should have been published with mine. Besides, the decision was made at a general term, instead of a special term, as stated by you. Sufficient facts are not set forth in either case for a correct understanding of the decision. You will lessen the value of your Reports by publishing opinions without the authority of the judges who write them.

"Respectfully yours,

"RANSOM BALCOM."

NOTE.—It always has been the *general* rule and practice to report in this work no opinions except upon the direct authority of the judges themselves, or sanctioned by them, through responsible attorneys or counsel. It has sometimes happened that this general rule has been departed from, where opinions which seemed to be of considerable importance, having been published in *newspapers,* have been taken therefrom without any other authority for their publication. Such was the case with the two opinions above alluded to by Judge BALCOM. The *Bank of Havana* case was taken from the *Daily Atlas and Argus,* and the *Roosevelt* case was taken from the *New - York Daily Times,* both papers usually very correct in their judicial publications. In the former case there was an editorial article in the paper, calling special attention to the opinion, and stating substantially that from the importance of the question, and the repeated inquiries for the opinion, the editors had procured (without stating from whom.) a copy for publication. Nevertheless, Judge BALCOM is entirely correct in stating that no opinion should be reported without the authority of the judge who writes it.—[REP.