## SUPREME COURT.

JOHN TINDALL agt. SARAH V. JONES, administratrix, &c., of JOHN S. JONES, deceased.

Where an action commenced against a defendant who dies *pen dente lite*, is revived and continued against his personal representatives, the plaintiff, on recovery of judgment, is entitled to *costs*, the same as if the defendant had survived, and that whether or not any demand of payment had been made upon the executors or administrators, or any refusal by them to refer the claim, or without any motion to the court for such costs. The case does not come within § 41 of the Revised Statutes. (*The several conflicting decisions on this question examined.*)

*Dutchess General Term, May,* 1860.

*Present,* LOTT, EMOTT *and* BROWN, *Justices.*

THIS was an appeal from an order made by Judge LOTT, denying a motion of the defendant to set aside or modify the judgment entered in the action on the 21st of September, 1859, by striking out or vacating all of said judgment awarding costs to the plaintiff, upon the grounds that said judgment for costs was entered without motion to the court therefor, and without leave granted by the court; and because the claim involved in the suit was never presented to nor refused by the said administratrix; and because no offer to refer was ever made to her, nor did she refuse to refer the same; and because the plaintiff was not entitled to costs.

The action was originally commenced against John S. Jones, on the 9th February, 1857, in his lifetime, to recover $180 and interest, for work, labor and services. Issue was joined by the service of defendants answer on the 3d of March, 1857; the defendant, John S. Jones, died on the 1st day of May, 1857, and Sarah V. Jones, his widow, was duly appointed his administratrix, who advertised, according to the statute, for claims to be presented against the estate. The plaintiff never presented his claim in this action to said administratrix, nor was she ever asked, nor did she ever refuse to refer the same under the statute; and the claim was not unreasonably resisted or neglected by the administratrix. On the first Monday in October, 1858, the plaintiff presented an application, and obtained leave of the court to file and serve a supplemental complaint to revive and continue the action against said administratrix. Issue was joined upon the supplemental complaint on the 2d September, 1859. The trial was had at the Westchester circuit, in September, 1859, and the plaintiff obtained judgment, and had his costs taxed by the clerk of Westchester, and inserted in the judgment, after objection made by the defendant's counsel upon the grounds above stated.

On appeal by defendant to the special term, Judge Lott gave the following decision: "Motion denied, with $10 costs. Order to be entered in Westchester county. This case does not, in my opinion, come within the 41st section, title 3, ch. 6 of part 2 of the Revised Statutes (*vol. 2, p. 90*), and I adopt the opinion of the superior court in *Benedict* agt. *Caffee* (3 *Duer*, 669), and of the supreme court in *Lemon* agt. *Wood* (16 *How. Pr. R.*, 285), in preference to that of the latter court in *McCann* agt. *Bradley* (15 *How. Pr. R.*, 79), and as being a correct construction of the statute on the question."

Wm. M. Skinner *and* Robert Cochran, *for appellant, presented and argued the following points:*

I. The award of costs of the plaintiff was improperly inserted in the judgment in this action, because no rule allowing them had first been obtained, as is necessary in every action against administrators, costs not being recoverable against them of course. (5 *Wend.*, 74; 9 *id.*, 448; 12 *id.*, 355.)

II. Under the provisions of the Revised Statutes with reference to costs against administrators, the plaintiff not having presented his claim, and there being no unreasonable delay or refusal to refer, and the application to revive not being made until after the advertisement for claims had expired, he cannot recover costs in this action against the administratrix. (2 *R. S.*, 90, § 41, *5th ed., p.* 176, § 46; *Bullock* agt. *Bogardus*, 1 *Denio*, 276; 3 *id.*, 361; 6 *Wend.*, 554.)

III. The statute clearly applies to the present case, and is not confined solely to cases commenced originally against administrators, as supposed in the cases in 3 *Duer*, 669, and 16 *How. Pr. R.*, 285. The language of the statute *expressly* extends its application to such cases. After the words, " in *such* cases no costs shall be recovered against the defendants;" referring to these cases commenced against administrators, it continues, "*nor shall any costs be recov-*

*ered in any suit at law* against any executors or administrators, unless it appear," &c.

IV. The true construction was given to this statute in its application to cases like the present by the supreme court of the first district at general term, in the two cases of *McCann* agt. *Bradley* (15 *How. Pr. R.,* 79), and *Thompson* agt. *Bullock's Administrators,* referred to in 16 *How. Pr. R.,* 213. (*See also* § 317 *of the Code.*)

V. In the great uncertainty of the practice upon this question, which was increased by the conflicting decisions of the supreme court at general term, the defendant's estate should not have been charged with the costs of the motion, and if this court does not sustain her position, she should not be made to pay the costs of the appeal.

FRANCIS LARKIN, *for plaintiff, respondent.*

By the court, EMOTT, Justice.    There have been various and contradictory decisions upon the question presented by this appeal. In *McCann* agt. *Bradley* (15 *How. Pr. R.,* 79) the general term in the first district held that an action commenced against a defendant in his lifetime, and revived against his personal representatives after his death, was within the 41st section of title 3, ch. 6, part 2d of the Revised Statutes ; and costs could not be recovered unless the claim had been presented to the personal representatives, or a reference refused, which is in effect to say that in such an action they could not be recovered at all.    In *Haight* agt. *Hayt*, which is not reported on this point, the general term in this district had previously made the same ruling.    This case went to the court of appeals, but it was upon the merits, and by an appeal by the defendants, and the question of the plaintiffs right to costs was not presented to that court.    The plaintiffs, however, were allowed their costs of both the appeals in the same action, that from the circuit to the general term, and that from this

court to the court of appeals. This was understood to have been permitted upon the ground that an appeal was in the nature of a new action, and that the executors having appealed from the judgment against them ceased to be defendants, or persons against whom an action was brought in the sense of the statute. On the other hand the general term of the sixth district, in *Lemon* agt. *Wood* (16 *How. Pr. R.*, 285), and the full bench of the superior court, in *Benedict* agt. *Caffe* (3 *Duer*, 669), took a directly opposite view of the question. In the latter case, in particular, Judge SLOSSON discusses the question at large in a well considered opinion. In this state of the authorities we feel at liberty to treat the question as open, and to reconsider the decision in this district, especially as it has never been reported, and is sustained by no opinion.

The provisions of the Revised Statutes form a system which is complete in itself in regard to the settlement of estates and the collection of demands against them. The section in question is part of that system, and is intended to give to executors and administrators notice of a demand made upon them, and an opportunity to admit it and agree to its payment in the course of administration, or to try its validity in a cheap and easy mode, if it depend altogether upon questions of fact; but in cases like the present the intestate has in his lifetime the opportunity to elect whether he would pay or resist the claim. He elects to defend, puts the party making the claim to a suit, and may put him to the trouble and expense of a litigation in all stages, perhaps including several trials, down to its final result. He dies, it may be, just before that result is reached, and the effect is said to be that the plaintiff must lose his right to the costs already incurred, and go on at his own expense for all the proceedings in the suit, past and to come, or relinquish his prosecution, pay his costs already incurred, and then exhibit his claim like every other creditor *de novo* under the statute. That might be the case if

the suit finally abated, and could not be revived, although even then it would be highly unjust. But since the action does not abate, but is continued, it is not easy to see how the plaintiff is to be deprived by the change of parties of his right to costs, which are one of the incidents of the suit, and depend upon no other contingency than final success. I exclude of course from this remark the effect of the action of the legislature while the suit is pending. The effect of the death of the original defendant, the partial abatement in consequence, and subsequent revivor of the action is only to substitute new parties. The personal representatives are put in the place of the deceased, just as the assignors of a bankrupt are substituted for him. The interest is changed, but the cause of action and the action itself survive. There is no abatement in strictness and reality, but merely a temporary defect of parties in consequence of the death of the defendant and the transmission of his interest. In analogous cases in the former practice of the court of chancery, the action was not so suspended even before it had been revived against the personal representatives, but that some proceedings could be had in the mean time, as a motion to dismiss for want of prosecution, or an application for a receiver and the like. The representatives of a deceased defendant come into his shoes in all respects. They become defendants to a suit against him, not an action which has been brought against them; and the action must proceed against them as it would have done against him. If in the final event it turns out that the plaintiff recovers a judgment, which would entitle him to costs had the original defendant survived, he has the same right against his legal representatives and successors, and the 317th section of the Code directs how that judgment shall be entered and enforced.

Nor is it necessary to make an application to the court for leave to enter a judgment for the costs in such a case. Such an application is only necessary when the award or

refusal of costs rests in the power or discretion of the court, or at least depends upon something else than a positive direction of statute. In cases where the action is brought against executors or administrators, no costs are recoverable unless the plaintiff has, before bringing the action, complied with the conditions of the statute, and this must be shown to the court outside the record; but when the administrator is substituted for the deceased in a pending action, as in this case, the court would have had no more to pass upon in such an application than if a similar application were made in the case of a living defendant.

The plaintiff's judgment was regular, and the order refusing to set it aside must be affirmed, but considering the conflicting character of the decisions, without costs.

LOTT, Justice, concurred; BROWN, Justice, dissented.

---

## NEW YORK SUPERIOR COURT.

### In the Matter of ISRAEL KAHN.

*New York Special Term, September,* 1860.

HABEAS CORPUS to discharge from custody said Israel