## MITCHELL *a.* MOUNT.

*New York Common Pleas; At Chambers, July,* 1863.

### EXECUTORS AND ADMINISTRATORS.—COSTS.

The provisions of 2 Rev. Stat., 90, § 41,—directing that costs shall not be awarded in actions brought against executors or administrators in their representative capacity, except for unreasonable resistance, neglect or refusal to refer the claim,—do not affect actions brought against the deceased in his lifetime, and revived by his executors or administrators.

Motion for an allowance.

This action was brought by John Mitchell and another, assignees, against William B. Moffat, in his lifetime, to recover the amount of a demand for labor and materials in repairing defendant's buildings. The defendant interposed an answer: after his death the suit was revived by his executor, Richard E. Mount, Jr. The cause was tried before a referee, who reported in favor of plaintiffs for $1,020.84. The plaintiffs claimed costs as of course, and now moved for an allowance.

*William R. Stafford,* for the plaintiffs, cited Lemen *a.* Wood (16 *How. Pr.,* 285).

*Gouverneur Tillotson,* for the defendant, insisted that the plaintiffs must move specially for costs as in ordinary actions against executors, and that no allowance could be made.

BRADY, J.—The case of Lemen *a.* Wood (16 *How. Pr.,* 285), is decisive of the plaintiffs' right to costs. The testator having interposed a sworn answer, which, if true, was a defence, it was not necessary for the plaintiffs to offer to refer the claim. An issue had already been formed. Whether this be correct or not as a legal proposition, there can be no doubt that all obligation to make such an offer is removed when the executor makes an application to revive the suit. That is a continuation of the testator's will in reference to the claim, and expressive of a de-

sire that it should be litigated in the manner in which he presented his defence.  I am aware that in the case of McCann *a.* Bradley (15 *How. Pr.*, 79), it was held that when the defendant dies *pendente lite* the plaintiff cannot recover costs unless he offers to refer; but in that case the motion to revive was made by the plaintiff, and he claimed more than he was entitled to, " nearly twice as much," as said by Justice Roosevelt. It could not be said that the demand was unreasonably resisted in that case, and the decision cannot be regarded as an authority on the single proposition that an offer to refer was necessary.  In this case the demand made by the summons was $820.88, and the recovery was for $907.88, allowed upon an amendment of the complaint by which the demand was increased to $937.88.  This case differs, therefore, from McCann *a.* Bradley, in two important features.  I think, however, that the provisions of the Revised Statutes referred to, relate, as stated in Lemen *a.* Wood, to actions commenced against executors.  The object of those provisions was to save unnecessary expense to the estate and to hasten the determination of controversies arising upon disputed claims.  The plaintiff here should not be compelled to abandon proceedings commenced during the lifetime of the testator, which would be the effect of requiring him to adopt a formula which the statute contemplates as preliminary to any action against an executor.  For these reasons I think the plaintiff entitled to costs, and an allowance of five per cent.

Ordered accordingly.

