STEUBEN COUNTY.—HON. GEORGE T. SPENCER, SURROGATE.—MARCH, 1872.

## MATTER OF GLANN.

*In the matter of the application of the administrators of the estate of* DREW GLANN, *deceased, for leave to lease, mortgage, or sell, his real estate for payment of debts.*

On application for leave to dispose of real property for payment of debts, the Surrogate cannot pass on claims presented against the estate by the heir or devisee, and disputed by the executor or administrator. His authority as to disputed claims is limited to those resisted by the heir or devisee.[*]

---

[*] S. P., Burnett v. Kincaid, 2 Lansing 320

An order was made in this proceeding for the sale of real estate of the decedent for the payment of his debts. On the application of certain of the heirs, the order was opened to enable them to contest the application of assets by the administrators, and the validity of the debts on account of which the sale was applied for. On the hearing, at the time appointed for that purpose, the contestants proposed to establish claims of their own against the estate which was objected to by the administrators.

G. H. McMaster, *for the contestants.*

A. Hadden, *for the administrators.*

The Surrogate.—An order for the sale of the real estate of Drew Glann deceased, for the payment of his debts, was opened on the application of certain of his heirs, to allow them to contest the administrators' account of assets coming to their hands, and the validity of the debts allowed by them against the estate.

These grounds of contesting the proceedings of the administrators seem, however, to be now abandoned, and the contestants seek to establish a claim, or claims, of their own against the estate for about six hundred dollars and interest, which it is alleged was received by the intestate in trust, to be distributed amongst them, and now constitutes a debt due to them.

The claim has never been presented to the administrators, and they now deny its validity, and resist its allowance.

Claims disputed or rejected by the administrator, must be established, if at all, by a suit or by a reference pursuant to the statute. The power of the Surrogate in this proceeding, and at this stage of it at least, is limited to passing on such claims as are contested by the heir or devisee, and does not extend to deciding

upon claims which an disputed or rejected by the administrator (2 *R. S.* 102 § 10; *Magee* v. *Vedder*, 6 *Barb.*, 352.)

For this reason, without reference to the merits of the claim, the order to open the hearing is vacated, and the administrators allowed to proceed with the sale.

Order accordingly.