PHILIP A. HOPKINS, APPELLANT, v. JOSEPH D. VAN VALKENBURGH, AS EXECUTOR, ETC., OF EPHRAIM WHEELER, DECEASED, EMILY H. WHEELER, LUCRETIA WHEELER, ELMIRA ROBERTS, AND OTHERS, RESPONDENTS.

*Application to sell real estate to pay debts — contested claims against estate — jurisdiction of surrogate to hear and determine.*

The defendant, as executor, presented a petition to the surrogate for leave to lease, mortgage, or sell the real estate of his testator to pay debts.  Upon the return-day of the order, to show cause, one Hopkins appeared and presented two claims against the estate, and asked to be allowed to prove them.  These claims were opposed by the executor, and the heirs and devisees.  The surrogate decided that he had no jurisdiction to hear or adjudicate upon the validity of the claims so presented.  *Held*, that this was error.

*Quære,* whether the surrogate must adjudicate upon all claims presented, on the return of the order to show cause why a sale should not be made, at that time, or might postpone, as to any of them, such adjudication until the application for distribution of the proceeds of sale.

APPEAL from an order of the surrogate of Chenango county refusing to try and determine the claims of Philip A. Hopkins

against the estate of E. Wheeler, deceased, in an application by the executor to have the real estate of the testator sold to pay debts.

Van Valkenburgh, the executor of Wheeler, deceased, presented a petition to the surrogate for leave to mortgage, lease, or sell real estate of the deceased to pay debts. On the return of the order to show cause, issued thereon, Hopkins appeared and presented two claims against the estate of Wheeler, and asked to be allowed to prove the same. The executor, the heirs and devisees, opposed his application; and the surrogate decided that he had no jurisdiction to hear the claims, or to take proof thereof and adjudicated upon the same as just and valid against the estate. Hopkins appealed, and the parties agreed that the only question on this appeal was as to whether or not the surrogate had jurisdiction. If he had, the case is to go back for him to pass upon other questions.

*E. H. Prindle*, for the appellant.

*Isaac S. Newton*, for the respondent, Van Valkenburgh, executor.

*George W. Ray*, for all the other respondents, except the guardian *ad litem* for Emily H. Wheeler. The surrogate has not jurisdiction to try and determine upon the merits, and adjudicate as just and valid against an estate a claim that has been (or should be) presented to the executor or administrator, and has been by him disputed and rejected. (Redfield L. and P. Surrogate's Court, 263; *Tucker* v. *Tucker*, 4 Keyes, 136; 4 Abb. Ct. Ap., Dec., 428; 6 Barb., 352; 10 id., 308; 24 id., 60; 32 id., 354; 8 Abb. Prac., 425; *Shakespeare* v. *Markham*, 10 Hun, 311; 1 Tucker's Rep., 352; 3 R. S. [6th ed.], 104, § 86; *Matter of Glann*, 2 Redf., 75; 2 Lans. Sup. Ct., 320; 30 Barb., 495; *Jones, Ex'r, etc., of John Mason*, 5 N. Y. Leg. Obs., 124; *Boughton* v. *Flint*, 13 Hun, 206.)

LEARNED, P. J.:

It is elementary law that the power of an executor, simply as such, extends only to the personal property. Disputed claims

against him, as the representative of the deceased, are to be tried and decided by common-law courts or by a statutory reference. The surrogate has not jurisdiction to decide the question between a creditor of the deceased on the one side, and the executor, as his representative holding his personal estate, on the other. (*Magee* v. *Vedder*, 6 Barb., 352; *Tucker* v. *Tucker*, 4 Keyes, 136.)

The statutory proceeding to sell lands for the payment of debts is a matter distinct from the ordinary powers of an executor. The authority is not derived from the appointment of the executor, but from a judicial proceeding against the owners of the lands—that is, the heirs and devisees. (2 R. S., m. p. 101, § 9 [6].) The heirs and devisees may contest the validity and legality of any debts, and may set up the statute of limitations. (§ 13 [10].) A jury trial may be had. The surrogate is to enter in his proceedings three classes of debts. First. Those which he shall judge valid and subsisting. Second. Those which shall have been determined to be valid on such a trial. Third. Those recovered in a court of law on a trial on the merits. Thus it is plainly implied that, on this proceeding, the surrogate has the power of adjudication on the validity of some debts, at least. So that the principle that, as between executor and creditor, the surrogate cannot pass on the validity of a debt at the final accounting, does not, at least in its full extent, apply to his adjudication in this proceeding between creditor and heir or devisee. This distinction is noticed by Surrogate OGDEN in his opinion, cited in *Magee* v. *Vedder* (*ut supra*, at p. 358). Indeed, it does not seem to be disputed by the respondent here, that, as to those claims which the executor admits by his petition, the heir or devisee may dispute them, and the surrogate may adjudicate thereon. This shows, then, that the surrogate has jurisdiction to adjudicate on some claims between the heir and devisee on the one hand, and the creditor on the other, and that it is not necessary that they should go to a court of common-law jurisdiction. And it must be noticed that the real parties to the controversy in this proceeding are the creditors and the heirs or devisees. The executor is, as it were, but the officer of the court to effect the sale; whose place may, in certain cases, be filled by a disinterested freeholder. (2

R. S., m. p., 109, § 63 [52].) His admission of a claim does not bind the heir or devisee. Does his rejection bind the creditor? The debts to be contested are those " represented as existing against the testator." (§ 13 [10].) Is there any reason why these words should be limited to those represented by the executor as so existing? His representation is of no binding effect in any way.

Further, a creditor may himself proceed to have the lands sold. This proceeding is in the form of an order to require the executor to show cause. But the heirs and devisees are to be subsequently notified; and the debts are to be " established before" the surrogate. (2 R. S., m. p. 108, sections 59 et seq. [48 et seq.].) Thus it appears that, in these cases, the surrogate must have jurisdiction to decide on the validity of the debts, as between the creditor and the heirs or devisees ; and in these cases, the executor may plainly be an opposing party, not admitting the validity of the debt. If, then, on the application of a creditor, the surrogate may order the executor, against his opposition, to proceed to sell lands, is there any want of jurisdiction to adjudicate on a claim presented by a creditor in a proceeding actually pending ?

And so again, when the proceedings have been taken by the executor himself, other debts may be proved; before distribution, to the satisfaction of the surrogate (section 51 [42]), so that, at that stage of the proceedings, the surrogate is distinctly given jurisdiction to adjudicate on claims.

Whether such proceeding, then, is commenced by the executor voluntarily, or on the order of a surrogate upon the application of a creditor, it appears to me that it is a *quasi* proceeding *in rem*, in favor of creditors against the heirs or devisees ; and that the surrogate has, and must have, jurisdiction to adjudicate for this purpose on the claims.

The case of *Barnett* v. *Kincaid* (2 Lans., 320), is thought to decide otherwise. But I think it does not. The learned justice, in his opinion, is careful to qualify his language, and to say that the validity of the claim is not *ordinarily* within the scope of the surrogate's duties. He says that, after sufficient appeared to indicate that a sale was necessary, the surrogate had a right to deter-

mine that the order should not be delayed to await the determination of the litigation. And he adds that, if the claim is not established in some other court, an opportunity will be furnished on the distribution for that purpose. Thus the learned justice implies that, on the distribution, the surrogate can adjudicate on the validity of claims. But he decides that the surrogate is not bound to do so at the time of hearing the application, when enough otherwise appears to make a sale necessary.

If the surrogate in the present case, therefore, had merely declined to pass upon Hopkins' claim at that stage of the proceeding, on the ground that enough appeared to show that a sale was necessary, and that the adjudication of the Hopkins' claim would cause delay, his action would have been according to the decision last cited. But he has held that he has no power or jurisdiction (and that may mean at any time) to pass on the claims, and has dismissed them. In that respect I think his decision erroneous.

It is plain, too, that should a surrogate, as was done in the case last cited, on proof of a certain amount of debts, order a sale of enough land to pay them (2 R. S., m. p. 103, § 22 [18]); and if, on the distribution, other debts should be proved as provided by the statute, a deficiency would arise. Whether, then, in any case, it is best for the surrogate to adjudicate on all debts presented at the hearing, or, as was done in the case last cited, to postpone such as he may choose to the time of distribution, is a matter on which no opinion is expressed.

The order should be reversed and the proceedings remitted to the surrogate, that he may, in his discretion, adjudicate on the claim of Hopkins, if he chooses so to do, at this time. Costs of the appeal should abide the event of the proceedings.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Order reversed, and proceedings remitted to surrogate that he may, in his discretion, adjudicate on claim of Hopkins, if he chooses to do so, at this time; costs of appeal to abide event of proceeding.