The People *ex rel.* Adams agt. Westbrook.

## SUPREME COURT.

THE PEOPLE *ex rel.*, &c., HENRY C. ADAMS agt. ZERAH S. WESTBROOK, surrogate of Montgomery county, and JACOB C. NELLIS, executor, &c., of PETER G. FOX, deceased.

*Surrogate — Jurisdiction — Contested claims against estate — Proceedings to sell the lands of a decedent to pay the debts and claims against him, and to make distribution — Jurisdiction of surrogate to hear and determine — Writ of prohibition — Code of Civil Procedure, secs.* 2755, 2756, 2758, 2761, 2788.

In proceedings to sell the lands of a decedent to pay the debts and claims against the decedent, and to make distribution among the creditors, the surrogate has jurisdiction to hear proofs and decide upon a claim disputed by the executor.

The surrogate has not jurisdiction to decide the question between a creditor of the deceased on the one side and the representative of the deceased upon the other.

It is entirely plain from the provisions of the Code of Civil Procedure (*see sections* 2755, 2756, 2758, 2761, 2788) upon this subject that the surrogate is the proper if not the ultimate tribunal for the determination of the claims of creditors, whether disputed or not, upon the real estate of the decedent sold under the order of the surrogate for the payment of debts and its proceeds.

*Quære*, whether the surrogate should not delay the hearing upon relator's claims and the making of distribution until the relator's action, pending in the supreme court, to make the decedent personally liable or his estate chargeable for misappropriating funds equitably belonging to the relator.

*Washington Special Term, April,* 1881.

*Henry C. Adams,* relator in person.

*J. E. Dewey,* for respondents.

POTTER, *J.* — This matter is presented upon an alternative writ of prohibition, and the return thereto with an order to show cause why the respondent, the surrogate of the county of Montgomery, should not be restrained and absolutely pro-

The People *ex rel.* Adams agt. Westbrook.

hibited from proceeding to hear the proofs and allegations of the creditors generally, and especially of the claim and demand of the relator against the estate of Peter G. Fox, deceased.

It is quite unnecessary to state the history and proceedings in the various actions which have resulted in the claim which the relator has or claims to have against the estate of said Fox. Such statement would serve no useful purpose in disposing of the question now presented.

It is sufficient to state in a general way that the decedent Fox was the executor of an estate, and through proceedings taken by him as such executor to raise. the money necessary to pay off the claims of creditors of the estate of which he was such executor, and especially certain judgments against said estate of which the relator was the equitable assignee, or upon which he had a lien, moneys were raised upon a mortgage and went into the hands of said Fox as such executor, and that said Fox violated his duty and the rights of said relator by paying said moneys to another and not to the relator, to whom they equitably belonged, and that for that cause the relator brought an action against said Fox, charging said Fox personally with a liability for so doing.

A judgment was obtained in that action, but for some informalities or irregularities it was set aside and the action is still pending.

Before such judgment was entered, Fox, the defendant in said action, died, and the respondent Nellis has been appointed the executor of said Fox, deceased, and has been substituted in place of said Fox, deceased, as the defendant in said action.

Since the appointment of said Nellis as executor of said Fox, the real estate of said Fox has been sold for the purpose of paying the claims and demands against the estate of said Fox, and the proceeds of such sale are now in the hands of said respondent Westbrook, as surrogate, awaiting distribution under an order for that purpose.

The object of this motion is to restrain and prohibit the surrogate from proceeding to take proofs of claims and to

make distribution among those who have or shall establish their claims against the estate of said Fox.

The grounds upon which the relator bases his right to this writ are, that these moneys are trust funds and primarily applicable to the payment of the relator's claim, and that the relator's claim is disputed by the executor, and that the surrogate has no power or jurisdiction to hear and decide upon a disputed claim.

In regard to the first ground it is not perceived how the lands of the decedent Fox, and which have been sold under the order of the surrogate to pay all the claims against the estate of said Fox, or the proceeds of the sale of them, became impressed with a trust character or quality for the payment of the relator's claim especially or differently from the other claims against the estate of said Fox.

If such a character ever attached to the estate or the funds once in course of administration by said Fox as executor, and which he is charged with having ignored or disregarded in the relator's action against him, that character would not attach to the property which said decedent owned individually.

But if it were so, and the surrogate had jurisdiction to entertain and decide upon the relator's claim, the surrogate could determine whether the moneys now in his hands were impressed with a trust quality in respect of the relator's claim, and give it such preference as it is entitled to in the order of distribution.

That brings us to the consideration of the real, and as I apprehend, the only question upon the motion, viz.: Has the surrogate jurisdiction in proceedings to sell the lands of a decedent to pay the debts and claims against the decedent, and to make distribution among the creditors, to hear proofs and decide upon a claim disputed by the executor?

I will not stop to consider whether the executor has or will, or ought to dispute the relator's claim. Nor whether the surrogate will not or should not delay the hearing upon relator's claims, and the making of distribution until the relator's

action pending in the supreme court to make the decedent Fox personally liable or his estate chargeable for misappropriating funds equitably belonging to the relator.

It has been held by the general term of the supreme court in this district that the surrogate in proceedings under the statute to lease, mortgage or sell real estate 'to pay debts of decedent's, has jurisdiction of disputed claims, and to determine, to allow or reject such claims (*Hopkins* agt. *Van Valkenburgh*, 16 *Hun*, 3).

The court while holding in that way, in these proceedings, concede the well-established rule that the surrogate has not jurisdiction to decide the question between a creditor of the deceased on the one side and the representative of the deceased upon the other.

The case of *Tucker* agt. *Tucker* (4 *Keyes*), which is sometimes cited to support a different rule, was not overlooked by the court in the case of *Hopkins* agt. *Van Valkenburgh*.

It was not entirely certain upon what ground the court or the judges, other than the judge who wrote the opinion, placed their decisions in the case of *Tucker* agt. *Tucker*.

There is this, however, to be remarked in relation to that case, that the cases referred to by the court in *Tucker* agt. *Tucker*, were cases between creditors upon one side and personal representatives upon the other, and that the references to the statute are to those sections which relate to the rendering of an account by the executor or administrator, and not to those sections of the statute which relate to the powers and duties of the surrogate in proceedings to sell real estate of a decedent and the making of distribution of its proceeds among creditors or claimants.

I think when sections of the Revised Statutes, referred to by the learned judge in *Hopkins* agt. *Van Valkenburgh*, upon the subject of selling the real estate of a decedent, and the proceedings before the surrogate for that purpose are considered, there can be no doubt of the power of the surrogate to hear and decide upon a disputed claim.

And such is manifest by the scheme and design of the provisions of the Code of Civil Procedure upon that subject (*See secs.* 2755, 2756, 2758, 2761, 2788).

It is provided by section 2756 that a judgment or decree obtained against the executor is only presumptive evidence of the debt or claim, but the same is to be established in the same manner and to be subject to the same defense as if an action had not been brought thereon.

And by section 2757 the claim, though in a judgment, is only to be allowed for the amount of the debt, and not for the costs contained in the judgment, and the judgment itself is liable to be reduced in favor of heirs, devisees or their assigns, by the amount of any counter-claim which he may have against the debt in judgment.

It is entirely plain from these and other provisions of the Code of Civil Procedure upon this subject, that the surrogate is the proper, if not the ultimate tribunal, for the determination of the claims of creditors, whether disputed or not, upon the real estate of the decedent, sold under the order of the surrogate for the payment of debts and its proceeds.

With these views the motion for an absolute prohibition must be denied, and fifty dollars costs and disbursements should be awarded to the respondents or their counsel.