CATTARAUGUS COUNTY.—HON. ALFRED SPRING, SURROGATE.—March, 1885.

TURNER *v.* AMSDELL.

*In the matter of the estate of* MAJOR MACAPES, *deceased.*

In a special proceeding instituted to procure a decree directing the disposition of the real property of a decedent for the payment of his debts, the Surrogate is bound, under Code Civ. Pro., § 2755, upon the return of the citation, to take proof of the claims of all who appear as creditors of the decedent, including those which have been presented to the executor or administrator, and rejected, or not allowed, by him. Actual creditors and those claiming to be such, have the same right to appear and establish their demands.

Matter of Glann, 2 *Redf.*, '75; Barnett v. Kincaid, 2 *Lans.*, 320—disapproved.

PETITION by the executor of decedent's will for leave to mortgage, lease or sell his real property, to pay his debts. Maurice Turner and others, infant devisees, by their guardian, objected to the proof of the claims of Matilda Amsdell and others, alleged creditors, who appeared upon the return of the citation. Further facts appear in the opinion.

J. E. WEEDEN, *executor in person.*

J. V. GOODWILL, GEO. U. LOVERIDGE *and* R. R. CROWLEY, *for creditors.*

C. D. DAVIE, *guardian ad litem.*

THE SURROGATE.—This is a proceeding instituted by the executor of the will of Major Macapes, deceased, for leave to sell the real estate of testator to pay his debts. Upon the return of the citation, a large number of creditors appear to prove their claims. A portion of these have been duly presented to the executor and formally rejected by him, while others have been presented to the executor, and no definite action has been taken by him concerning them. In either event, they are *disputed* claims (Cooper v. Felter, 6 *Lans.*, 485; Tucker v. Tucker, 4 *Keyes*, 136). The guardian ad litem, appearing on behalf of infant devisees, objects to the consideration of these disputed claims, upon the ground that the court has no jurisdiction to entertain proof in reference thereto.

The objection is an untenable one. I am aware that, ordinarily, a Surrogate's court has no jurisdiction over claims presented to an executor or administrator and rejected by him. The common law courts must pass upon the validity of such claims (Tucker v. Tucker, 4 *Keyes*, 136 *supra*; McNulty v. Hurd, 72 *N. Y.*, 518; Fiester v. Shepard, 92 *N. Y.*, 251). But in proceedings to sell real estate, the executor, if a party at all, is merely a formal one. The real parties in interest are the heirs at law, devisees and creditors; and the statutory inhibition, instead of extending to them, explicitly confers the power upon the Surrogate to hear the proof where an heir at law or devisee objects to a claim presented, or one *represented as existing against decedent* (Code Civ. Pro., § 2755).

These proceedings can be commenced, either by the representative, or by a creditor (Code Civ. Pro., § 2750). And the Code does not, otherwise than by implication, make the executor or administrator a necessary party to the citation in case the proceedings are instituted by a creditor. Again, § 2752 requires the name of each creditor, " or person *claiming* to be a creditor," to be set forth in the petition— thus giving a creditor, and one claiming to be such, an equal right to appear and establish their demands.

Section 2788 is even more broad and liberal in its terms as to the taking of proof than § 2755, and it imperatively enjoins the Surrogate to hear the allegations and proofs " respecting any demands against the decedent.".

These various sections certainly give the Surrogate's court ample jurisdiction over any claim which is sought to be made a charge upon the fund arising from the sale of the land. The allowance or rejection of a claim by the executor has not the least relevancy in the matter whatever. Whether a claim presented bears the seal of his sanction, or whether it comes into court unfathered and unprotected by his magic power, it is treated the same. It must be run through the same hopper, must be *proved*, *established*, before the Surrogate, and that too, as I interpret the law, by common-law proof. Less proof than is necessary to justify a judgment in a justice's court, where defendant does not appear, will not suffice.

So unimportant a factor is the executor in these proceedings that, where a judgment has been taken against him by default, in his representative capacity,

it is of no significance or use whatever, and is subject to contest the same as an unliquidated demand (Code, § 2755).

And even in case a judgment has been recovered against him upon the merits, it is merely *presumptive* evidence of the debt (*id.*).

To permit the Surrogate to hear proof where the claim is controverted by the real parties in interest, to wit, the heirs at law, and yet allow the mere figure head in the proceedings to oust the Surrogate of jurisdiction, would be investing the executor or administrator with altogether too much authority, inasmuch as he is only nominally a party.

I know one or two cases hold the contrary doctrine, as to jurisdiction of the Surrogate (see In re Glann, 2 *Redf.*, 75; Barnett v. Kincaid, 2 *Lans.*, 320); but the later authorities adopt and sustain the more consistent doctrine (Hopkins v. Van Valkenburg, 16 *Hun*, 3; People v. Westbrook, 61 *How. Pr.*, 138.; Kammerrer v. Ziegler, 1 *Dem.*, 177).

I will hear the proofs upon all claims presented.