Smith, P. J.
The plaintiffs are heirs-at-law and next of *703 kin of Dennis Gilligan, deceased. This action is brought against Patrick Gilhgan and Thomas Gilligan individually and as administrators of the estate of said deceased, to set aside a judgment in favor of Patrick against the administrator, which "is alleged to be fraudulent and collusive, and also to enjoin the payment and enforcement of such judgment out of the funds and assets of the estate by proceedings in surrogate’s court or otherwise. The referee held that the judgment is not fraudulent or collusive and dismissed the complaint. On the trial before the referee the-plaintiff put in evidence the voucher of a claim filed by the defendant Patrick, who is a son of the deceased, with the said administrator for services performed by him, said Patrick, upon the farm of said deceased, from the 1st of February, 1877 to the 22d of March, 1885, amounting to the sum of $1,584; an agreement signed by the claimant and the administrator to refer the claim to J. A. Corbin, a counsellor of this court, to hear and determine the same; an approval by the surrogate of said referee; and an order of this court, made on filing said papers, appointing said referee; also the roll of a judgment in favor of Patrick against the administrator, entered upon the report o'f said, referee, for the amount of said claim with interest; also the minutes of the proceedings had and evidence given before said referee; also a petition of the administrator to-the surrogate for leave to sell the real estate of the deceased to pay debts; also a notice in writing, signed by the plaintiffs and directed to the administrator, forbidding him to pay said claim without first contesting its validity as they conceived the claim was in the main unfounded, and notifying him that if he failed to obey said notice they would surcharge his account to the amount so paid when he settled with the surrogate. It was admitted that the said judgment-roll was filed before the receipt of said notice by the administrator and on the same day.
The referee, Mr. Corbin, found that deceased owned a farm of about seventy acres in the town of Allegany, Cattaraugus county; that several years prior to his death, and. since about the 1st of February, 1877, he was incapacitated, through age, from performing active farm labor to any considerable extent; that Patrick is about forty years of age; that prior to the 1st of February, 1877, he had been away from his father’s home working on his own account; that on or about that day he returned to his father’s farm and commenced to work thereon, and from that time to his-father’s death worked steadily on the farm as a farm laborer, and had the general charge of the farm work, and did. and performed the general farm work on said farm, and cleared and improved from fifteen to twenty acres of land. *704 on said farm; that there was no express agreement on the part of his father to pay him any specific sum for such labor, but that such labor was performed by him at the request of his father, and it was naturally understood and agreed by and between his father and himself that he should be paid for his said services such sum as they should be worth. That his labor was worth the sum of sixteen dollars per month, and nothing has been paid him on account of the same.
It appeared by said referee’s minutes, that the administrator appeared before him on said hearing and was examined as a witness and gave testimony in support of said claim.
It also appeared that the claimant was examined as a witness in his own behalf, and testified, among other things, without objection, to conversations and transactions between the deceased and himself, respecting the subject-matter of said claim.
It also appeared that uncontroverted testimony »was given by another witness, who apparently had no interest in the matter, which was sufficient to support the findings of the referee in respect to the agreement between the claimant and his father, and the value of his services. ,
It was admitted on the trial of this action that before the said agreement to refer was made, the administrator requested some of the plaintiffs to join with him in executing to Patrick a deed of the real estate left by the deceased, and they refused.
It does not appear that the plaintiffs, or any of them, had notice of the proceeding on the reference of said claim.
We do not understand the plaintiff’s counsel to contend that upon the trial of this action proof was given that would warrant a finding of fraud in fact. His position is understood to be that the administrator is chargeable with a neglect of his duty to resist the claim and defend the estate against it with the same zeal and energy that a man of ordinary prudence would adopt and employ in respect to his own personal interests. To this position there are several answers.
First. Upon the assumption that the administrator is not chargeable with fraud in fact, no breach of duty upon his part is shown, and none is found by the referee. He proceeded in respect to the claim in the mode pointed out by the statute. He was not required by statute to give notice of the reference or the hearing to his cestui que trusts. That it would have been proper and prudent for him to have given such notice may be conceded, but his omission to do so, and the fact that he was a witness in support of the claim so long as he did not act with a fraudulent in *705 tent, constitute no ground for an interference by a court of equity to stay the judgment obtained upon the reference.
Second. To entitle the plaintiffs' to. the relief asked for, it is incumbent on them to show not only some ground for equitable interference, such as fraud, collusion or gross breach of duty, but also that the claim against the estate is unfounded, in whole or in part, so that on a rehearing the result would be different. Pom. Eq. Jur., § 1364, and cases cited; Colson v. Leitch, 32 Alb. L. J., 119, and cases there cited. Upon the trial of this action before the referee there does not appear to have been any proof, or offer of proof, of that nature.
Third. This is not a case for equitable relief, as there is an adequate remedy at law. The validity of the judgment in favor of Patrick can be fully litigated, and the amount of his claim determined in the proceeding before the surrogate upon the application of the administrator for authority to sell the real estate to pay debts. Section 2756 of the Code of Civil Procedure provides that when a judgment or decree has been rendered against an executor or administrator for a debt due from the decedent, the debt is, nevertheless, deemed a debt of the decedent, to the same extent and to be established in the same manner, and except as prescribed in the next section, subject to the same defenses as if an action had not been brought thereon. But a judgment or decree, rendered upon a trial upon the merits, is presumptive evidence of the debt upon the hearing before the surrogate. The exception in the next section does not affect the proposition under consideration. See, also, § 2788; Hopkins v. Van Valkenburgh, 16 Hun, 3; Adams v. Westbrook, 61 How. Pr. Rep., 138. In that proceeding the plaintiffs can oppose the claim and defend against it to the same extent as they could have done upon the hearing before the referee, Hr. Corbin, if they had been notified of the same.
The judgment should be affirmed with costs.
All concur.