PAYNE *vs.* MATTHEWS and others, executors, &c.

Where, upon the death of one of the members of an insolvent firm, the surviving copartner, who was solvent, was obliged to pay the debts of the firm out of his own property, and the separate estate of the decedent was insufficient for the payment of all his debts ; *Held*, that the balance due from the estate of the decedent to the surviving copartner, on account of the partnership transactions, must be paid rateably with the other debts of the decedent of the same class, according to the provisions of the revised statutes.

If the persons comprising a copartnership firm are insolvent, the joint creditors of the firm are entitled to payment out of the partnership property and effects in preference to the separate creditors of the individual copartners ; and in case of the death or bankruptcy of one of the members of the firm, so that his separate estate cannot be reached at law for the satisfaction of partnership debts, his separate creditors have a corresponding right to priority in payment out of such separate estate.

The balance due to a surviving copartner on account of the copartnership transactions, is an unliquidated demand of the fourth class of debts due from the estate of the decedent, according to the order prescribed by the revised statutes for the payment of debts by executors and administrators. The surrogate, upon the settlement of the accounts of executors and administrators and the distribution of an insolvent estate among the creditors, is competent to adjust equitable as well as legal demands against such estate,

April 5.    THIS case came before the court upon an application to dissolve an injunction. The bill was filed by S. Payne, a surviving copartner of Samuel Payne & Co. against the personal representatives of J. Bissel, junior, a deceased partner, to settle the partnership concerns and to restrain the defendants in the meantime from distributing the proceeds of the separate property of the decedent among his separate creditors, to the exclusion of the balance claimed to be due to the complainant on account of the partnership transactions, and for debts of the firm which he had been compelled to pay since the death of Bissel. The bill also alleged that a part of the copartnership funds had been applied during the existence of the copartnership to pay the private debts and responsibilities of Bissel. But it appeared from the answer of the defendants that the amount so applied had been charged to him on the books of the firm.

*J. Rhoades*, for the complainant.

*S. Stevens*, for the defendants.

THE CHANCELLOR. The rule appears to be well settled that in a case of insolvency, the joint creditors of a copartnership are entitled to payment out of the property and effects of the firm, in preference to the separate creditors of the individual copartners ; and that such separate creditors have a corresponding right to a priority in payment out of the individual estate of the copartners, in case of the death or bankruptcy of the latter so that such estate cannot be reached by the partnership creditors by an execution at law. (*Wilder* v. *Keeler*, 3 *Paige's Rep.* 167. *M'Culloch* v. *Dashiell*, 1 *Har. & Gill's Rep.* 96.) And where the sur-

viving partner is in fact insolvent at the death of his copartner, equity will not allow the creditors of the copartnership, after exhausting all the joint effects of the firm for their sole benefit, to use the name of the surviving copartner, or to obtain a nominal payment of the residue of their joint debts from him, for the purpose of reaching a portion of the property of the deceased partner which, in such a case, belongs to his separate creditors upon this equitable rule.

I am not aware, however, that this principle of marshalling the effects, as between the joint and separate creditors where both copartners are insolvent, has ever been carried so far, except perhaps under the English bankrupt laws, as to exclude a solvent partner, who has a just claim against his copartner after all the debts of the firm have been paid, or who is obliged to pay the joint creditors out of his own private funds, from coming in for a share of the estate of the deceased partner. This appears to be a case of that kind. The partnership was dissolved previous to the death of Bissel, at which time he owed the firm a large amount; and the complainant, since that time, has been obliged to pay very large sums to the partnership creditors out of his own private funds. The principle adopted by the revised statutes is that equality among creditors is equity, in relation to the distribution of the estate of an insolvent decedent, except in those cases where the creditor had proceeded to judgment against the decedent before his death. (2 *R. S.* 87, § 27; 112,. § 73; 453, § 37, *&c.*) The fourth class of debts in their order of payment as directed by the statute, includes all recognizances, bonds, sealed instruments, notes, bills, and *unliquidated demands and accounts.* And the statute is express that no preference shall be given, in the payment of one debt over another debt of this class. The balance due from the decedent to his surviving partner on account of the partnership transactions, after the payment of the partnership debts and the appropriation of all the copartnership effects to equalize the balances between them, was an unliquidated demand of this class against the decedent at the time of his death; and when it shall have been liquidated by the complainant and

the personal representatives of Bissel, or by the surrogate, who is competent upon the settlement and distribution of the estate to liquidate an equitable as well as a legal demand, or by a decree of this court upon a reference to a master, the balance that shall be found due to the complainant must be paid to him out of the estate of the decedent, rateably with the other creditors.

The motion to dissolve the injunction must therefore be denied. But as this was a new question on which it was proper for the personal representatives of Bissel to take the opinion of this court, the costs of both parties should be paid out of the estate of the decedent in their hands, if the claim of the complainant is now liquidated between the parties, without any further expense; and a decree to that effect may be entered, upon filing the written consent of the parties, stating the balance which is thus ascertained to be due to the complainant.