JENNINGS *vs.* PHELPS.

*In the matter of the Estate of* VOLNEY GUNN, *deceased.*

WHERE upon an application for an order directing the administrator to pay a demand against the estate, the claim was founded upon a judgment more than 23 years old, and an alleged recognition of the judgment by · the intestate, after the lapse of 20 years, and the demand was contested by the administrator :—Held, that under the circumstances, the Surrogate in the exercise of a reasonable discretion, should refuse to hear the case, and leave the claimant to his remedy by action at law.

A. MANN, *for Petitioner.*
C. O'CONOR, *for Administrator.*

THE SURROGATE. Volney Gunn, the intestate, died January 1, 1849, and letters of administration upon his estate, were issued to Uriah Phelps, March 23, 1849. The administrator advertised for claims, according to the provisions of the statute, but the petitioner never presented the demand, which is the subject of the present application. On the 5th of May, 1851, the petitioner, Jennings, filed his petition claiming to be a creditor of the intestate, as assignee of a judgment recovered in the Supreme Court, February 21, 1828, by John E. Mowatt and James Mowatt, against Gunn, the intestate, and Salmon G. Grover. The petitioner alleges upon belief, that the judgment is justly due, that no payments have been made thereon, and that no offsets exist against the same. He also sets up that in

the month of October, 1848, the intestate acknowledged the claim on the judgment, that the same had not been paid, and was still due and owing by him. The petition prays for an account and for payment of the demand.

On the return of the order, the administrator answers, that Grover, the co-defendant with Gunn in the judgment, is still living within this State, where he has resided since the recovery of the judgment; that the judgment has been paid; and that the entire assets of the estate, amounting to about $16,000, are insufficient to meet the petitioner's demand. He accordingly asks that the petition be dismissed, and the claimant left to establish his demand in a Court of Law.

.After the best examination I could give the subject, I have decided that the Surrogate possesses jurisdiction to order payment of debts against the estate of a deceased person, and where the demand is contested, to hear and determine the question whether any debt exists, as a preliminary to ordering its payment. The exercise of that jurisdiction, being under the provisions of the statute a matter of discretion dependent upon the peculiar circumstances of each case, can hardly be the subject of any general rule. In the case of *Flagg* vs. *Ruden*, I refused to order the payment and left the claimant to his action at law. The demand there arose on a bond, past due eighteen years, and in connection with the lapse of time, certain circumstances appeared tending to raise a presumption of payment, as a question of fact appropriate for the decision of a jury. In the case of *Campbell* vs. *Bruen*, I entertained jurisdiction and ordered the payment of the claim. The only defence there, was presumption of payment from mere lapse of time, which being simply a question of law, I heard and decided.

In the present instance, the judgment sought to be enforced was nearly 21 years old, at the death of the intestate. The presumption of law is in favor of its payment. It is presented as a demand, two years after the intestate's

death, after the expiration of the statutory period of advertising for claims, and not by the original judgment creditor, but by an assignee. Moreover, the administrator alleges payment in fact, and the claimant himself, to meet the statutory presumption of payment, avers an acknowledgment of the indebtedness by the intestate shortly before his death. Wherefore, there are at least two issues of fact that may properly be submitted to a jury; and it is quite reasonable, under the circumstances, that the administrator should desire that privilege. The claim is not of an ordinary character; it is so stale as to require additional proof, beyond the record, to establish its validity; if good, it swallows up the whole of this estate; and it is now presented by an assignee, without explanation of the long delay before or after the decease of the intestate. In a Court of Law, the plaintiff may be examined as a witness, the rule excluding witnesses on the ground of interest does not prevail, and the judgment of the Court will be final as to both parties. The trial may not so speedily be had, as here, but a party who has waited so long, can hardly complain on that account. I think, upon the whole, that the ends of justice are more likely to be attained, by a resort to the usual forum, and through the medium of a jury trial.

As the claimant did not present his demand to the administrator, within six months from the publication of the notice for the presentation of claims under the statute (2 *R. S.*, 3d ed., *p.* 153, § 42), the administrator would appear to be at liberty to distribute the estate, before suit brought on this claim. To protect the applicant therefore, the order should provide that the administrator refrain from distribution, say for the period of thirty days, within which time the petitioner may bring his action at law.