BABCOCK *vs.* LILLIS.

*In the matter of the Estate of* JOSEPH P. LILLIS, *deceased.*

THE Surrogate has jurisdiction, on the application of a creditor for an account and for payment of his demand, to try the claim, although disputed; and this authority extends to equitable as well as to legal debts.

The balance due from a deceased partner of a firm, to a surviving co-partner, on account of the partnership transactions, is an unliquidated demand of the fourth class of debts due from the estate of the decedent, according to the order prescribed by the Revised Statutes, which it is competent for the Surrogate to liquidate as an equitable demand, and order to be paid.

A. KURSHEEDT, *for Petitioner.*

W. H. TAGGARD, *for Administrator.*

I. The Surrogate has no power to decide upon the validity and amount of a claim against an estate, upon the petition of an alleged creditor praying for a decree directing its payment, when such claim is disputed by the administrator, and the right of the Surrogate to make such a determination is denied.

II. The proper action is an action for an account of the partnership transactions as partners during the existence of the firm—the petitioner furnishing his account, and the administrator surcharging and falsifying, if necessary, and furnishing the account of the intestate partner—and then an accounting and examination of the affairs of the firm had. This can only be done in an equity court in an equity suit.

III. With the exception of an action for an account, one partner can only sue another for a balance struck or an amount admitted by or judicially found to be due against the other partner.

Here nothing of the kind is alleged in the petition, and it does not contain a sufficient cause of action.

THE SURROGATE.—The petitioner, Robert F. Babcock, claims to be surviving partner of the intestate, and applies for payment of a balance alleged to be due to him on partnership account. He also presents a demand on individual account, having no connection with the business of the firm. The partnership is clearly proved. There is no satisfactory evidence enabling me to form any judgment as to the state of the accounts, and it is necessary, therefore, to fall back on the rule that the members of the firm are presumed to be equally interested in the partnership assets, in the absence of any proof to the contrary. Lillis was left in possession of the partnership property and he disposed of it. I think the testimony shows that the petitioner's share was equal in value to $1550, and also that the intestate was indebted to him in the sum of $100 on private account.

It is urged, however, by the administrator, that the Surrogate has no jurisdiction to order payment of disputed claims, nor of a demand growing out of partnership affairs, unless there has been a previous accounting between the parties, or in another court, and a balance ascertained and found due. The general point raised as to the authority of this court to pass upon demands disputed by the executor or administrator, was fully considered in *Campbell* vs. *Bruen*, (1 *Bradford's Surrogate's Reports, p.* 204,) nor have I seen any reason since that decision to change the views then expressed. The statute expressly authorizes the Surrogate to decree the payment of *debts*, legacies, and distributive shares, on the application of a creditor, legatee, or next of kin, and, on a final accounting, it is made the imperative duty of the Surrogate to determine all questions " concerning any debt, claim, legacy, bequest, or distributive share." (2 *R. S. p.* 116, § 18 ; *p.* 95, § 78, [71].) The term " debts," as used in the statutes relating to the estates of deceased persons, is not limited to such as are strictly legal debts, but manifestly comprehends every claim and demand by a creditor, whether recoverable at law or in equity. (2 *R. S. p.* 87, § 25, [27,] § 27, [31,] *p.* 88, § 34, *p.* 89, [39,] *p.* 92, §. 52, [57,] *p.* 102, § 14, [17,] *p.* 109, § 53, [64,].) In other

words, it includes equitable as well as legal debts. In the case of *Payne* vs. *Matthews*, (6 *Paige, R.*, 19,) a surviving partner claimed a balance due him by his deceased co-partner, and the Chancellor held that this was an unliquidated demand of the fourth class of debts due from the estate of the dece-. dent, according to the order prescribed by the Revised Statutes, for the payment of debts by executors and administrators. His language was : " The balance due from the decedent to his surviving partner on account of the partnership transactions, after the payment of the partnership debts and the appropriation of all the copartnership effects to equalise the balances between them, was an unliquidated demand of this class against the decedent at the time of his death ; and when it shall have been liquidated by the complainant, and the personal representatives of Bissel, (the deceased,) or *by the Surrogate who is competent upon the settlement and distribution of the estate to liquidate an equitable as well as a legal demand*, or by a decree of this court upon a reference to a master, the balance that shall be found due to the complainant, must be paid to him out of the estate of the decedent, rateably with the other creditors." In *Dakin* vs. *Demming*, (6 *Paige, R.*, 98,) the same principle was declared in regard to claims growing out of a trust. It would seem, therefore, that no distinction exists in respect to the authority of the Surrogate in regard to legal and equitable debts. And in view of the obvious design of the scheme and plan of the Revised Statutes for the summary adjustment of estates,—the inconvenience of staying the final accounting and distribution because certain claims happen to rest upon equitable principles, —and the recent abolition of distinction between legal and equitable rights, so far as it is involved in the course of procedure under the Code, and in giving equity jurisdiction to the courts of law, I do not feel called upon to send the petitioner to another jurisdiction, unless plainly required to do so. There is nothing peculiar in this case which would appear to demand this exercise of discretion, ( *Westervelt* vs. *Gregg*, 1 *Barb. Ch. R.*, 469 ; *Kidd* vs. *Chapman*, 2 *Barb. Ch.*

*R.* 423; *Campbell* vs. *Bruen*, 1 *Bradf. Surr. R.*, 224.) There must be a decree establishing the claim of the applicant at the amount above stated.