### SELLIS' CASE.

*Surrogate's Court, New York County; March,* 1857.

#### PARTNERSHIP CLAIMS.—ACCOUNTING.

The surrogate may decree the payment by the administrator of moneys due to a surviving partner of the intestate upon a partnership account, without preliminary proceedings for a partnership accounting.

In respect to the authority of the surrogate to decree the payment of claims against estates, no distinction exists between debts recoverable at law and such as are recoverable in equity only.

Application to the surrogate to compel the payment by an administrator of a claim against his intestate.

BRADFORD, S.—The petitioner, Robert F. Babcock, claims to be surviving partner of the intestate, and applies for payment of a balance alleged to be due to him on partnership account. He also presents a demand on individual account, having no connection with the business of the firm. The partnership is clearly proved. There is no satisfactory evidence enabling me to form any judgment as to the state of the accounts, and it is necessary, therefore, to fall back on the rule that the members of the firm are presumed to be equally interested in the partnership assets, in the absence of any proof to the contrary. Sellis was left in possession of the partnership property, and disposed of it. I think the testimony shows that the petitioner's share was equal in value to $1,550, and also that the intestate was indebted to him in the sum of $100 on private account.

It is urged, however, by the administrator, that the surrogate has no jurisdiction to order payment of the disputed claims, or

of a demand growing out of partnership affairs, unless there has been a previous accounting between the parties here, or in another court, and a balance ascertained and found due.

The general point raised as to the authority of this court to pass upon demands disputed by the executor or administrator, was fully considered in Campbell *a.* Brown (1 *Bradf. R.*, 204); nor have I seen any reason since that decision to change the views then expressed. The statute expressly authorizes the surrogate to decree the payment of debts, legacies, and distributive shares, on the application of a creditor, legatee or next of kin ; and on a final accounting, it is made the imperative duty of the surrogate to determine all questions " concerning any debt, claim, legacy, bequest, or distributive share" (2 *Rev. Stats.*, 116, § 18; *Ib.*, 95, § 78 [71]). The term "debts," as used in the statutes relating to the estates of deceased persons, is not limited to such as are strictly legal debts, but manifestly comprehends every claim and demand by a creditor, whether recoverable at law or in equity (2 *Rev. Stats.*, 87 § 25 [27], § 27 [31]; *Ib.*, 88, § 34; *Ib.*, 89 [39]; *Ib.*, 92, § 52 [57]; *Ib.*, 102 § 14 [17]; *Ib.*, 109, § 53 [64]). In other words, it includes equitable as well as legal debts. In the case of Payne *v.* Matthews (6 *Paige*, 19), a surviving partner claimed a balance due him by his deceased co-partner, and the chancellor held that this was an unliquidated demand of the fourth class of debts due from the estate of the decedent, according to the order prescribed by the Revised Statutes for the payment of debts by executors and administrators. His language was : " The balance due from the decedent to his surviving partner on account of the partnership transactions, after the payment of the partnership debts and the appropriation of all the copartnership effects to equalize the balances between them, was an unliquidated demand of this class against the decedent at the time of his death ; and when it shall have been liquidated by the complainant and the personal representatives of Bissel (the deceased), or *by the surrogate, who is competent, upon the settlement and distribution of the estate, to liquidate an equitable as well as a legal demand,* or by a decree of this court upon a reference to a master, the balance that shall be found due to the complainant must be paid to him out of the estate of the decedent, ratably to the other creditors. In Dakin *v.* Dem-

ing (6 *Paige*, 98), the same principle was declared in regard to claims growing out of a trust. It would seem, therefore, that no distinction exists in respect to the authority of the surrogate in regard to legal and equitable debts. And in view of the obvious design of the scheme and plan of the Revised Statutes, for the summary adjustment of estates, the inconvenience of staying the final accounting and distribution because certain claims happen to rest upon equitable principles, and the recent abolition of the distinction between legal and equitable rights, so far *as it was involved in a court of procedure under the Code, and in giving equity jurisdiction to the courts of law*, I do not feel called upon to send the petitioner to another jurisdiction unless plainly required to do so. There is nothing peculiar in this case which would appear to demand the exercise of discretion (Westervelt *a.* Gregg, 1 *Barb.*, 469; Kidd *a.* Chapman, 2 *Ib.*, 423; Campbell *a.* Bowen, 1 *Bradf. R.*, 24).

There must be a decree establishing the claim of the applicant at the amount above stated.