BENJAMIN F. HARRIS and another, in equity,

*vs.*

HENRY C. PEABODY and others.

Cumberland.    Opinion June 7, 1881.*

*Stat. 1878, c. 74, § 11.    1879, c. 154, § 3.    Insolvency.    Equity jurisdiction. Partnership creditors, when they share in the separate estates.*

Under the provisions of stat. 1878, c. 74, § 11, as amended by stat. 1879, c. 154, § 3, the Supreme Judicial Court has full power to revise by proper process, the proceedings, orders and decrees of the court of insolvency had and made under § 54 of the former statute.

The provision of stat. 1878, c. 74, § 54, which in case of insolvency of a partnership and its several members appropriates the net assets of each estate to its own debts, and the surplus of each to the creditors remaining of the other, is applicable only when there is available joint estate and all the partners are insolvent.

————————

*Received by the Reporter May 16, 1882.

When there are no available net proceeds of partnership assets and no solvent partner, the partnership creditors share the separate estate concurrently with the separate creditors.

ON REPORT.

Bill in equity, heard on facts stated in the bill, the respondents reserving the question of jurisdiction.

. (Bill.)

"State of Maine, Cumberland, ss.    In Insolvency.    In the matter of Williams and Norton, insolvents.

"To the Honorable Justices of the Supreme Judicial Court: Respectfully come Benjamin F. Harris, of Portland, in our county of Cumberland, and State of Maine, and the First National Bank located and doing business at said Portland, and in behalf of themselves and all other partnership creditors of Williams and Norton, file this petition against Henry C. Peabody and George E. Bird, each of said Portland, assignees of Williams and Norton, and John C. Proctor of said Portland, and David Boyd of Cape Elizabeth, in said county.    And thereupon allege and say : On the 15th day of April, A. D. 1879, at a session of the insolvency court, having jurisdiction of proceedings in insolvency, held at Portland within and for the county of Cumberland, Royal Williams and James A. Norton, each of said Portland, copartners under the firm name of Williams and Norton, upon their own petitions were adjudged insolvent debtors individually and as copartners, that on the 5th day of May, A. D. 1879, at a session of said court held for that purpose, Henry C. Peabody and George E. Bird were appointed assignees of the estate of said Williams and Norton, individual and copartnership, and thereafterwards on the same day, accepted said trust, and were qualified as such assignees, that said Harris is a creditor of said partnership whose claim has been proved and allowed in said insolvency for $1174.18, and said bank is a creditor of said partnership, whose claim has been proved and allowed in said insolvency for $747.07.    At a session of said insolvency court held at said Portland on the third Monday, to wit, on the 25th day of March, A. D. 1880, said assignees filed in said court the petition a copy of which is hereto

annexed, and your petitioners say that the matters alleged in said petition are true.

"On the 5th day of April, A. D. 1880, the judge of said insolvency court after due notice to, and upon full hearing of the parties interested in said petition, and the facts set out in said petition being admitted, ordered and decreed that the partnership creditors of said Williams and Norton are not entitled to a dividend from the assets of Royal Williams, and the said Judge further ordered and decreed that from the sum of $1177.06 mentioned in said petition, said assignees pay the sum of $1133.67 to and among the creditors of said Royal Williams, according to their respective claims as set forth in said petition, a copy of which order and decree are hereto annexed as part of this petition.

"Which order and decree was erroneous in law, because upon the facts shown by the case aforesaid, your petitioners are entitled to receive *pro rata* dividends from the assets of the estate of Royal Williams, in the same manner and to the same extent as the individual creditors. That said Proctor and Boyd are the largest of said individual creditors, holding more than two-thirds of all the individual debts, and would fairly represent the individual creditors aforesaid. Wherefore your petitioners pray this honorable court to review said order and decree and correct the same, and to grant to your petitioners such relief in the premises as justice and equity require."

| William L. Putman, | Benjamin F. Harris. |
|---|---|
| Solicitor. | First Natl. Bank of Portland, |
| | per Wm. E. Gould, Cashier. |

*William L. Putman*, for the plaintiffs, cited: *Harlow* v. *Tufts*, 4 Cush. 451; Bump's Bankruptcy, (10th ed.) 786, 787; *Amsinck* v. *Bean*, 22 Wal. 403; *Egery* v. *Howard*, 64 Maine, 68; *Hacker* v. *Johnson*, 66 Maine, 24; Story, Part. § 360; Lindley, Part. (3d ed.) 700; Robson, Bankruptcy, 583; *Ex parte Kensington*, 14 Ves. 447; *Tucker* v. *Oxley*, 5 Cranch, 183; *Knight's Case*, 8 N. B. R. 436; *McEwen and Sons*, 12 N. B. R. 11; *Melick's Case*, 4 N. B. R. 95; *Kennedy's Case*, 2 D. M. and G. 228; *Ex parte Peaks*, Rose's Cas. in Bank. 54; *Ex parte Birley*, 2 M. D. and D. 354; *Ex parte Geller*, 2 Mad. 262.

*George C. Hopkins, Charles P. Mattocks,* and *Strout and Holmes* and *E. P. Payson,* for different defendants, furnished able briefs, citing: *Howe* v. *Lawrence,* 9 Cush. 553; *Somerset Works* v. *Minot,* 10 Cush. 592; *Ensign* v. *Briggs,* 6 Gray, 329; *In re Marwick,* 2 Ware, 235; *In re Owen Byrne,* 1 N. B. R. 122; *Ex parte Kennedy,* 19 E. L. and E. 150; Story's Eq. Jur. § 2; *Williams* v. *Brimhall,* 13 Gray, 465; *McCulloh* v. *Dashiell,* 1 Harris and Gill, 96; *Murrill* v. *Neill,* 8 How. 427; *Forsyth* v. *Woods,* 11 Wall. 484.

VIRGIN, J. Royal Williams and James A. Norton, copartners under the firm name of Williams and Norton, upon their own petition, were individually and as copartners duly adjudged insolvent debtors. The assets of the partnership, amounting to one dollar and nineteen cents only, were absorbed by the expense of selling the same. Norton's individual estate had no assets, while Williams', after deducting legal costs and charges, amounted to eleven hundred and seventy-seven dollars and thirty-six cents.

Against the partnership estate, claims amounting to more than twenty-two hundred dollars were proved; against Williams' individual estate eleven hundred and thirty-three dollars and sixty-seven cents; and against Norton's, no claims.

Before the court of insolvency the partnership creditors claimed a *pro rata* dividend from the separate assets of Williams *pari passu* with his individual creditors; but the judge denied the claim and decreed that the assignees should distribute those assets among the individual creditors. Thereupon the complainants brought this bill (claimed by them to be authorized by the insolvent statute of 1878, c. 74, § 11, as amended by stat. 1879, c. 154, § 3,) somewhat in the nature of an appeal from the decree of the judge of insolvency; and the parties have brought the case before us on an agreed statement, reserving the question of jurisdiction of this court, which is expressly raised.

1. Jurisdiction. By the provisions of the original act (stat. 1878, c. 74, § 10,) an appeal lay "in all cases arising under this act." This section was amended by stat. 1879, c. 154, § 2, by providing that "no appeal shall lie in any case under this act

unless specially provided for therein." If this court has no jurisdiction under § 11 to revise the decree of the judge of insolvency, then the complainants are without relief, since the section (§ 54,) under which the decree was made, contains no special provision for an appeal.

By § 11, "full equity jurisdiction in all matters arising under this act" is given to this court. This language is very sweeping and comprehensive ; and although it does not contain some of the specific terms adopted in the Massachusetts statute (from which very many of the provisions of our statute were derived,) we think the legislature intended to confer upon the court full power to revise in the manner therein specified the proceedings, orders and decrees of the court of insolvency in all cases in which no other remedy is given by the statute ; and that such power was given in part for the purpose of avoiding a suspension of all further proceedings below till the appeal is settled, and also to secure a consistent and uniform application of the law. *Barnard* v. *Eaton*, 2 Cush. 301-2. A like construction has been given to a somewhat similar provision in the Massachusetts insolvent act, § 16, Mass. Insolv. Laws, (Cutler's ed.) 29, and cases there cited. See also cases cited under U. S. R. Stat. § 4986.

2. The next question is, was the decree of the court of insolvency correct in ordering a distribution of Williams' individual assets among his separate creditors, to the exclusion of the complainants, the creditors of the firm. The respondents rely upon the provisions of § 54, stat. 1878, c. 74, and certain cases cited of their brief.

It is familiar history that as early as 1715, Lord Ch. HARCOURT laid down as the rule of administering the joint and separate estates in bankruptcy, that the joint estate shall be applied in payment of the partnership debts, and the separate estate, of the separate debts, any surplus of either estate being carried over to the other. *Ex parte Crowder*, 2 Vern. 706. This doctrine was followed by Lord Ch. KING, in *Ex parte Cook*, 2 P. Wms. 500. But it seems that this rule was departed from by Lord THURLOW who let in creditors of the firm concurrently with the separate creditors, upon the separate estate, upon the ground that they

were equally creditors of the firm and of the partners. *Ex parte Cobham*, 1 Bro. C. C. 576 ; *Ex parte Hodgson*, 2 Bro. C. C. 5 ; *Ex parte Page*, 2 Bro. C. C. 119. The former rule was restored, however, by Lord LOUGHBOROUGH (*Ex parte Elton*, 3 Ves. 239 ; *Ex parte Abell*, 4 Ves. 837,) confirmed by Lord ELDON ; (*Ex parte Clay*, 6 Ves. 813 ; *Ex parte Taitt*, 16 Ves. 193,) and it has been the prevailing general rule ever since in England. Lindl. Part. (3d Eng. ed.) 1201 ; Robs. Bank. 584 ; Colly. Part. (Perkins' ed.) 775-6 ; *Lodge* v. *Prichard*, 1 De G. G. and S. 609 ;, and in this country as well. Among the numerous cases, see *Wilder* v. *Keeler*, 3 Paige, 167 ; *Payne* v. *Mathews*, 6 Paige, 19 ; *Murray* v. *Murray*, 5 Johns. Ch. 60 ; 3 Kent, 64, 65 ; Story Partn. § § 376-378 ; *In re Marwick*, 2 Ware, 233 ; Pars. Partn. 480, *et seq.* and notes. This rule was also adopted in the U. S. Bankrupt Law, 1841 ; (5 U. S. Stat. 440, 448, § 14,) U. S. Bankrupt Law, 1867, (§ 36, R. S., U. S. § 5121) ; in the Insolvent Laws of Massachusetts, (1838, § 21,) and in the Insolvent Laws of this State, stat. 1878, c. 74, § 54. *Jarvis* v. *Brooks*, 23 N. H. 136.

This rule applies to the estates as they exist when the parties are declared bankrupt or insolvent, and not before ; for the creditors of the firm have no lien upon its property which can prevent the partners from *bona fide* changing its character and converting it into the separate estate of one of them prior thereto. *Ex parte Ruffin*, 6 Ves. 119 ; *Case* v. *Beauregard*, 9 Otto, 119 ; *Robb* v. *Mudge*, 14 Gray, 534.

The reasons assigned for giving the partnership creditors the preference over the joint estate in bankruptcy have been various. But the view generally taken founds it not upon any lien or superior claim which they primarily have, but upon a privilege or preference sometimes denominated a lien "derived from the equitable right which each partner, who being liable for all the partnership debts and whose interest in its property being simply his share of the residue after payment of its debts and settlements of its accounts, consequently has that the partnership property shall go to pay its debts in preference to those of any individual partner. *Case* v. *Beaureguard, supra* ; *Johnson* v. *Hersey*, 70

Maine, 74; *Washburn* v. *Bellows Falls Bank*, 19 Vt. 286, 288. It has also been said that this priority in joint assets and equality in the separate are founded on the fact that the partnership creditor trusted each and all the partners while the separate creditor trusted but one; and that natural justice warrants the marshalling of the assets so as to give the former the preference. *Brock* v. *Bateman*, 25 Ohio St. 609. That it is familiar law that a creditor of a partnership, having recovered a judgment against it, may satisfy his execution against partnership property or against the individual property of any of the partners; (*Juchero* v. *Axley*, 5 Cranch, 34, 40; *Egery* v. *Howard*, 64 Maine, 68, 73; *Washburn* v. *Bellows Falls Bank, supra,*) and in the case of intervening insolvency, having two funds, from which to satisfy his claim, the principle familiar in marshalling assets or securities, comes in and compels him to exhaust the fund to which he has the exclusive right before he be allowed to compete with a creditor who has a claim only on one of the funds. *Ex parte Elton*, 3 Ves. 240; 1 Story Eq. § 558. Lord Justice TURNER, said: "This rule may perhaps proceed upon this : that the joint estate is clearly liable both at law and in equity for the joint debts, at law, by reason of the survivorship, and in equity by virtue of the rights of the partners, *inter se,* to have it so applied; and that the separate estate is as clearly liable, both at law and in equity, for the separate debts; and that the carrying over the surplus of the one estate to the other, although it may not strictly work out the rights, may afford the best means of adjusting the complications which arise from the joint estate being liable for the separate debts only so far as the interest of the partners from whom the debts may be due may extend, and from the separate estates, if taken for the joint debts, having recourse over against the joint estates, and which arise also from the equities between the parties." *Lodge* v. *Prichard, supra.* Prof. Parsons suggests the ground that a partnership is a distinct entity, contracting its own debts, having its own creditors, and possessing its own property applicable to its debts. That when it has ceased to exist, it is resolved into its elements and the relations between its members and creditors arise. If the

joint debts have been paid, the former partners share the remaining property. If the joint funds are not sufficient to pay its debts, they who were its members become the debtors of the joint creditors. Pars. Part. 346-7.

The rule that each estate is to be applied to its own debts, and the surplus of each to the creditors remaining of the other, is applicable only to the facts upon which it is predicated, *i. e.* when there is joint estate, and all the partners are insolvent. But if there is no available joint estate and no solvent partner, then the creditors of the partnership have no exclusive fund to exhaust, but may share concurrently with the separate creditors the separate estate. *Ex parte Hayden,* 1 Bro. C. C. 454, and notes in Perkins' ed. 398; Colly. Part, § 926; Lindl. Part. 1234; Story Part. § 380; Pars. Partn. 482. In some of the cases this is called an exception to the rule. Professor Parsons says that " instead of being an exception it is a case that falls without the rule." Others say it is a part of the rule. Judge DRUMMOND, after stating what he denominates "the well established rule upon the subject," says : "It is partly on the ground that, although it is a debt of the firm, it is still a debt against each individual member of it, for the satisfaction of which the property of each is responsible ; and that being the only source to resort to for the payment of the debt of the firm, it should be appropriated as well to pay the debts due from the firm as from the individual members." *In re Knight,* 8 N. B. R. 436, 438. The same doctrine prevails in all the federal dist. courts. *In re Marwick,* 2 Ware, 233 ; Bump, Bankruptcy, (9th ed.) 771 and cases there cited. Such, evidently, is the opinion of Mr. Justice CLIFFORD. *Amsink* v. *Bean,* 11 N. B. Reg. 495 ; S. C. 22 Wall. 395 and the cases of *ex parte Leland,* which he there cites.

We are aware that this question has been decided otherwise in Massachusetts (*Howe* v. *Lawrence,* 9 Cush. 553 and *Som. P. Works* v. *Minot,* 10 Cush. 592) ; but the answer of Judge DRUMMOND is more satisfactory to our minds. *In re Knight, supra.* Neither does the *dictum* of Mr. Justice DANIEL outweigh the great weight of current authority. See also, *Rogers* v. *Meranda,* 7 Ohio St. 179 ; *Brock* v. *Bateman,* 25 Ohio St. 609.

It seems there were some joint assets, though not enough to pay the cost of selling; and hence (in the language of the statute) no "net proceeds." In such case, there should be considered no joint assets. Though when there are any available joint assets, however small in value, the rule is applicable. Lindl. Partn. 1235; Colly. Part. § 926; Story Partn. § 380, says they must be enough to be "available." The question is thoroughly examined in *In re McEwen*, 12 N. B. R. 11. As recently as December, 1880, the question came before Judge CHOATE (S. D. N. Y.), who said: "It is, however, unnecessary to go into this question, because in a recent decision, which is conclusive on this court, the right of firm creditors to share *pari passu* with individual creditors in the individual estate has been recognized and enforced, where the firm, as well as the individual partners, had been adjudicated, and the firm assets were not more than sufficient to pay the costs and expenses properly chargeable to the firm estate. *In re Slocum*, D. C. Vt. Oct. 4, 1879; S. C. affirmed on review, by BLATCHFORD, C. J., December 13, 1880." *In re Litchfield*, 5 Fed. Rep. 47, 50.

> *Decree reversed. Decreed that the partnership creditors of Williams and Norton are entitled to dividends from the assets of the estate of Royal Williams, pari passu with his separate creditors.*

WALTON, BARROWS, LIBBEY and SYMONDS, JJ., concurred. APPLETON, C. J., did not concur.