The facts are fully stated in the opinion.
Rollins, S.
In the year 1856, Margaret Green, as executrix of her deceased husband David, commenced against this decedent, who was then living, an action for an accounting. An answer was interposed, and the case sent to a referee to hear and determine. During the pendency of the proceedings, the referee died, and another was appointed in his place. The death of the plaintiff followed in 1863, and that of the defendant in 1877. In 1878, John Green, a son of David, was granted *51 letters of administration, with the will annexed, upon his father’s estate. He thereupon took such steps to revive the original action as resulted in sending it again before the referee, where it is still pending. ■ Meantime, the executors of Theodore Mar tine had presented their accounts for judicial settlement, and objections having been interposed, the matters thus put in issue had been ordered to a reference. John Green, administrator, appeared before the referee, and, through his counsel, was permitted, though not without some protest, to take part in the proceedings as a contesting party. No objections to the account -have ever been filed in his behalf. He has taken no steps before the referee to prove a claim against the estate, and has never formally asked leave to intervene and make himself a party. But now that the referee’s report has been submitted to the court, he has interposed thereto, certain exceptions in writing.
It is insisted that these exceptions should be ignored, and that he should be denied a hearing upon the question of confirming the report.
In one of the schedules which form a part of the account filed by the executors, mention is made of this action now pending between themselves and Green, as an action arising from a disputed demand against the estate of their testator. It is urged against them, and with some show of reason, that by thus recognizing the existence of Green’s claim, the executors have waived their right to object that he has no standing as a creditor in this proceeding. Aside, however, from any consideration of waiver, has he not a right to be treated as a party to the accounting ? Section 2731 of the Code of Civil Procedure declares that “a creditor, although not cited, shall be entitled to appear upon the hearing, and thus make himself a party.” It is urged in behalf of the executors that before according to a person not conceded to be a creditor, any rights as such, it should be *52 first ascertained and determined that his demand is well founded ; that he not only claims to be, but that he is, a creditor. This procedure seems to have been adopted in some cases by Surrogate Bradford (Burwell v. Shaw, 2 Bradf. 322). Bu.t it very manifestly involved the theory that the surrogate’s court was vested by the Revised Statutes with authority to determine absolutely and finally (save for the right of appeal) the nature and extent of all claims, disputed and undisputed, against a decedent’s estate. Judge Bradford stoutly maintained that doctrine, and it naturally, therefore, seemed to him a wise and sensible course to determine, under some circumstances, at the very thres- . hold of an accounting, whether a person who pretended to be a creditor and who was not recognized as such by the executor had in fact and in law .any just claim against the estate. The views of Surrogate Bradford as to the true construction of the statutory provisions defining the jurisdiction of this court are clearly and forcibly expressed in Campbell v. Bruen, 1 Bradf. 224; Jennings v. Phelps, Id. 485, and Babcock v. Lillis, 4 Id. 218. But from these views, which were in accord with those previously expressed by the chancellor,. many judges of the common law courts were swift to dissent; and for more than forty years the question to which they relate has been a topic of frequent discussion in the courts of this State.
Those who care to examine in chronological order the various decisions pertinent to the subject may be interested in the following list: 1836, Payne v. Matthews, 6 Paige, 19; 1838, Gardner v. Gardner, 7 Id. 112; 1844, Fitzpatrick v. Brady, 6 Hill, 581; 1844, James Kent’s Estate, Dayton on Surrogates, 2 ed. 507; 1846, In re Jones, 1 Redf. 263; 1847, Kidd v. Chapman, 2 Barb. Ch. 414; 1849, Magee v. Vedder, 6 Barb.352; 1850, Campbell v. Bruen, 1 Bradf. 224; 1851, Hall v. Bruen, 1 Id. 435; 1851, Jennings v. Phelps, 1 *53 Id. 485; 1851, Wilson v. Education Society, 10 Barb. 308 ; 1857, Babcock v. Lillis, 4 Bradf. 218; 1857, Disosway v. Bank of Washington, 24 Barb. 60; 1859, Andrews v. Wallege, 8 Abb. Pr. 425 ; 1860, Curtis v. Stillwell, 32 Barb. 354; 1863, Ruthven v. Patten, 1 Robt. 416 ; 1868, Tucker v. Tucker, 4 Abb. Ct. App. Dec. 428 ; 1869, In estate of Shaw, 1 Tucker, 353; 1872, In matter of Glann, 2 Redf. 75 ; 1872, Cooper v. Felter, 6 Lans. 485; 1875, Stillwell v. Carpenter, 59 N. Y. 414; 1875, Same case—reargument—2 Abb. N. C. 238; 1877, Shakespeare v. Markham, 10 Hun, 311; 1876 Kyle v. Kyle, 67 N. Y. 400 ; 1878, Bevan v. Cooper, 72 Id. 317; 1878, McNulty v. Hurd, 72 Id. 518; 1879, Leviness v. Cassebeer, 3 Redf. 491; 1881, Neilly v. Neilly, 23 Hun, 651.*
The provisions of the Revised Statutes to which the foregoing cases refer, remained unchanged until the adoption of the present Code of Civil Procedure. They are as follows:
“ Whenever an account shall be rendered and finally settled. ... if it shall appear to the Surrogate that any part of the estate remains tobe paid or distributed, he shall make a decree for the payment and distribution of what shall so remain, to and among the creditors, legatees, widow and next of kin of the deceased, according to their respective rights ; and in such decree shall settle and determine all questions concerning any debt, claim, legacy, bequest or distributive share; to whom the same shall be payable and the sum to be paid to each person.” †
The controversy which this section provoked seems *54 to have culminated in the determination (so far at least as concerns the precise question under discussion):
1st. That the delegation of authority to surrogates, to decree, upon the final accounting of an executor, a distribution to claimants “according to their respective rights,” gave them no power to ascertain and determine what those rights were, except in cases where they were conceded to exist.
2d. That the imposition upon the surrogate of the duty “to settle and determine all questions concerning any debt, claim, legacy, bequest or distributive share,” empowered him to settle and determine such questions, and such only, as were not a matter of dispute between the parties, or, in simpler phrase, such questions as there was no question about.
I think that this interpretation of the statute must always seem a little startling when one’s attention is first called to it, but the weight of authority is so overwhelmingly in its favor, that it would be idle to gainsay its correctness. And, besides, the theory which it establishes respecting the proper metes and bounds of a surrogate’s authority has apparently been incorporated by the legislature into the present Code of Procedure. Mr. Commissioner Throop intimates, in a note to his edition of the Code, that sections 2742 and 2743 have been designedly so phrased as to put forever at rest, the questions which have hitherto vexed the courts touching the jurisdiction of the surrogate over disputed claims. Section 2743 provides for the judicial settlement, upon final accounting, of debts, claims and distributive shares, “whose validity is not disputed, or has been established.”
. In view of the decisions which have been cited, and of this legislation to which they have given origin, it is evident that this court is utterly without jurisdiction either to allow or to reject any claim whose validity has not been established in some competent tribunal, and *55 is disputed by the executor or administrator. It seems to follow, as a necessary corollary, from this proposition, that whenever any person claims to be a creditor of an estate, and as such insists upon the right to become a party to a contest over the correctness of its executor’s accounts, that right should be accorded him. Possibly the presentation of a demand which, upon its face, is discovered to be absurd, illegal, or for any reason worthless, may furnish an exception to this rule. But as the surrogate has no authority to adjudicate finally upon the validity of an alleged creditor’s disputed claim, it seems little short of absurdity to contend that he may adjudicate preliminarily so far as to shut out such a claimant from taking any part in a contested accounting; and to hold, that the mere refusal of the executor to recognize one as a creditor is necessarily a bar to his participating in such a contest, is absurdity itself.
One other question remains to be considered. It is suggested that by failing to present his claim to the executor for acceptance or rejection, Mr. Oreen' has lost •his right to be treated as a party to these proceedings. Such is not the case. Neither the provisions of the Revised Statutes, nor those of the Code of Procedure, by which the former have to some extent been superseded, made it the duty of a creditor to submit his claim to the executor or administrator in pursuance of the notice requiring presentation of demands against his decedent’s estate. If a creditor chooses to present his claim and it is rejected, he must, unless it is referred, commence an action thereon with six months, or absolutely forfeit his right of recovery. But if he does not choose to present his claim at all, he may nevertheless seek his remedy by action, at any time before it is barred by the statute of limitations, though in that event he can have no costs, and can ordinarily recover from the executor or administrator only such sum as was in *56 his hands, applicable to the claim, at the commencement of the action (Jennings v. Phelps, 1 Bradf. 48 ; Tindal v. Jones, 11 Abb. Pr. 258 ; Baggott v. Boulger, 2 Duer, 160).
I hold, therefore, that John Green, as administrator of his father’s estate, must be deemed a party to these proceedings, and that his objections to the account are. entitled to be considered.
As to what provision, if any, should be made for his protection in the decree of distribution, a question may hereafter arise, but it need not now be determined.

 See also (1881) Underhill v. Newburgher, 4 Redf. 499, and compare Archer v. Furness, 4 Id. 88, as to contesting the existence of a judgment: and Barras v. Barras, Id. 263, as to contesting a claim set up by the executor or administrator.

 2 R. S. 95, § 71; Same Stat. 3 Id. (6th ed.) 104, § 86.