JULIA P. ASHLEY AND JEANNIE T. HARD, AS ADMINISTRATORS, ETC., OF WILLIAM M. ASHLEY, DECEASED, RESPONDENTS, v. GEORGE W. LAMB, APPELLANT.

*Administrators — proceedings against them to enforce a claim, and proceedings by them for a final settlement of their accounts, carried on together, do not constitute one proceeding — their dispute of the claim in the former proceeding is not available in the latter — remedy of the administrators after a decree is made directing payment of the claim.*

A judgment having been recovered against a party who subsequently died an application was made to the Surrogate's Court to compel the administrators of the deceased judgment-debtor to pay the same, to which the administrators answered, alleging that the judgment had been paid, and denying the validity of the claim founded upon it. On the return day of the citation, issued upon the above-mentioned application, the administrators, voluntarily and without

any reference to such prior application, filed their petition asking for a final judicial settlement of their accounts, and both proceedings were carried along by similar adjournments thereof from time to time until a decree was made in the application for the final judicial settlement, by which the administrators were directed to pay the judgment-debtor the amount of his claim represented by such judgment.

Thereafter proceedings were taken by the judgment-creditor to punish the administrators as for contempt, because of their refusal to pay such claim, whereupon the administrators brought this action asking for an injunction restraining the judgment-creditor from taking any further proceedings founded upon the decree of the surrogate.

*Held*, that the decree, entered upon the final judicial settlement of the accounts of the administrators, was conclusive as to the rights of the judgment-creditor.

That the proceedings taken by the judgment-creditor to secure payment of his judgment, and the proceedings taken by the administrators for the final judicial settlement of their accounts, were independent proceedings and could not be treated as one proceeding, so that the answer of the administrators made in the former proceeding could be held applicable to the latter and be available to the administrators as constituting in such latter proceeding a dispute of the claim of the judgment-creditor.

*Semble*, that the only remedy open to the administrators lay in a direct proceeding to open the decree made in the proceeding for the final judicial settlement of their accounts, with a view to being relieved from its effect, and to thus contest the claim of the judgment-creditor, or to so dispute it or its validity as to oust the Surrogate's Court of jurisdiction over the matter.

APPEAL from an order of the Monroe Special Term, entered in the clerk's office of Monroe county, September 17, 1888, denying defendant's motion to dissolve an injunction.

The action was brought to restrain the collection and to cause the discharge of record of a judgment recovered against the plaintiff's intestate. The judgment was recovered by Charles O. Ashley, June 19, 1872, for $587.43, assigned by him to Portus M. Hinman, and by the latter to the defendant. Upon the petition of the defendant for that purpose, a citation was issued by the surrogate of Monroe county and served upon the plaintiffs, requiring them to show cause why a decree should not be made directing the payment of the judgment. On the return day of the citation, and upon the plaintiffs' petition, with a view to a judicial settlement of their accounts, a citation was issued to the heirs, next of kin and creditors (other than the defendant) of the estate of the decedent. The proceeding instituted by the defendant was adjourned, and carried

along with that for the final accounting, and one of the plaintiffs answered his petition denying that the judgment was unpaid, and alleging that it had been paid, and denying the validity of the claim founded upon it. A supplemental citation was issued in the proceeding for the accounting, to the return day of which both proceedings were adjourned; and then, upon the petition of the defendant, with the prayer that he be made a party and the payment of his claim be directed, he was made a party to the latter proceeding. And by decree made, a final accounting was adjudged and the plaintiffs were directed to pay to the defendant the amount of his claim represented by such judgment against the decedent; and afterwards proceedings were taken by the defendant to punish the plaintiffs for contempt for their refusal to pay such claim. The injunction in question was granted to restrain further proceedings founded upon such decree of the surrogate during the pendency of this action.

*Thomas Raines*, for the appellant.

*H. F. Remington*, for the respondents.

BRADLEY, J.:

The decree of the surrogate, directing payment of the defendant's claim, remains as effectual as when entered. No appeal has been taken from it. It is not alleged that the decree was obtained by fraud. It would, therefore, seem that at the threshold the inquiry arises whether or not the decree had the support of the jurisdiction of the surrogate to make it. The decree appears to have been entered in the proceeding for the judicial accounting of the plaintiffs, instituted upon their petition, pursuant to the statute, and in such case "where the validity of a debt, claim or distributive share is not disputed or has been established, the decree must determine to whom it is payable, the sum to be paid by reason thereof, and all other questions concerning the same. With respect to the matters enumerated in this section, the decree is conclusive upon each party to the special proceeding, who was duly cited or appeared, and upon every person deriving title from such a party." (Code Civil Pro., § 2743.) In this respect the former statute was substantially the same. (2 R. S., 95, § 71.) And if this decree was within the jurisdiction of the surrogate, it was, while it remained, an effectual

determination of the rights of the parties within its purview, and conclusive upon them.

The surrogate and his court have no jurisdiction other than such as is given by the statute. (*Riggs* v. *Cragg*, 89 N. Y., 479.) And, under the section of the statute referred to, there is no jurisdiction in that court to determine the rights of the parties in respect to a claim which is disputed; and within such provision are only embraced claims the validity of which is not questioned. (*Tucker* v. *Tucker*, 4 Keyes, 136; S. C., 4 Abb. Ct. App. Dec., 428; *Greene* v. *Day*, 1 Dem., 45, and cases there cited; *Martine's Estate*, 11 Abb. N. C., 50.) In a proceeding under that section no formal method of disputing a claim presented is prescribed or required. And the fact that its validity is disputed is not in the way of the person making the claim being or becoming a party to the proceeding for the purpose of the accounting by the representative as of decedent. (Code, § 2731.)

Although it appears that this claim of the defendant had been presented to the plaintiffs, and rejected by them, nothing appears in the record of this proceeding for judicial accounting treating it as distinct from another, which will hereafter be mentioned, that the claim was then, or had been disputed by the plaintiffs, nor is it alleged that the claim was disputed in such proceeding, or that it therein appeared that it had been rejected by the plaintiffs. That proceeding, considered separately from any other, appears to have been such as to support the jurisdiction of the Surrogate's Court to make the decree in question; but prior to the petition of the administrators for the judicial settlement of their accounts, the defendant, as creditor, had instituted a proceeding before the surrogate, by his petition, praying for a decree directing them to pay his claim; and a citation was issued pursuant to the statute. (Id., § 2717.) In this proceeding one of the administrators filed a written answer, duly verified, denying that the defendant's judgment remained unpaid and unsatisfied, and alleging that it had been fully paid; and that the administrator, upon information and belief, denied the validity of the claim. It is contended by the plaintiffs' counsel that both proceedings must be treated as one; and, therefore, that such answer was applicable to the proceeding for the accounting instituted by the administrators. The statute provides that upon the presentation of a petition by a creditor praying for a

decree directing payment of his claim, the petition must be dismissed where the administrator files a written answer, duly verified, setting forth facts which show that it is doubtful whether the petitioners' claim is valid and legal, and denying its validity or legality absolutely, or upon information and belief. (Id., § 2718.) It follows that if this answer came within the requirement of the statute for that purpose, the only decree that could be entered in that proceeding was one dismissing the petition, which it was the duty of the surrogate to enter; and, if it did not require such a decree, the surrogate might, if he chose, make an order requiring the administrators to render an intermediate account. (Id., § 2723.)

It does not appear that any decree was made dismissing the petition, nor did the surrogate, on his own motion, require such intermediate accounting, but the proceeding for a judicial settlement of their accounts was instituted upon the petition of the administrators, pursuant to section 2729. The question, therefore, seems to arise: First. Whether the objection taken by the answer to the petition of the defendant as creditor was available in the proceeding for judicial settlement of the accounts, and if so, second, whether, by such answer, the claim was disputed and had not, within the meaning of the statute, been established. (Sec. 2743.) These two proceedings seem to have been carried along together, but our attention is called to no statute having the effect to consolidate them. The proceeding instituted by the defendant, as creditor, for a decree directing the payment of his claim, did not come within the provision of section 2728 of the Code providing for the consolidation of proceedings instituted under the prior sections of article 2, with one for judicial settlement instituted by the petition of an administrator, as the issuing of the citation in the defendant's proceeding was not prescribed in that article, but it was issued pursuant to a provision of article 1; and, so far as appears here, they were treated as separate and independent proceedings. The one in which the decree was entered was complete in itself, and in it no reference is made to the other, and nothing in, or not in, the record of it appears to have taken place in such proceeding to deny to the surrogate or his court jurisdiction to give to it the result represented by the decree. And by reference to the complaint in this action it may be observed that, while it is there alleged that the answer before mentioned was filed

to the defendant's petition, there is no allegation that in the proceeding for the judicial settlement the claim was in any manner disputed, or that the Surrogate's Court was advised that it had been rejected by the administrators.

The answer in the one proceeding would seem to have had no relation to the other, and the jurisdiction of the surrogate to make the decree was dependent upon what appeared before him and his court in the proceeding in which it was entered. It cannot be collaterally attacked by the use of existing facts which were in no manner sought to be made available in such proceeding; and, within the jurisdiction conferred by statute, the adjudication of the Surrogate's Court is as effectual and conclusive upon the parties as that of any other tribunal acting within its powers, and must be treated in like manner. The decree seems to have the support of the jurisdiction of that court to make it. In view of the limitations upon the power of courts of equity to interfere with judgments rendered by courts of competent jurisdiction, there seems to appear, in the appeal book, no ground for the relief demanded by the complaint, as against the decree of the Surrogate's Court (*Stilwell* v. *Carpenter*, 59 N. Y., 423); and unless something further than is there represented is made to appear the plaintiffs' remedy is, in a direct proceeding, to open the decree with a view to relief from its effect, and to then contest, so far as may be admissible, the claim, or to so dispute it or its validity as to oust that court of jurisdiction in the matter. (Code, § 2481; *In re Hawley,* 100 N. Y., 206.)

These views render it unnecessary to consider the second proposition before stated. We, therefore, express no opinion upon the sufficiency of the objection taken by the answer to the defendant's petition as an effectual dispute of his claim, or whether or not such claim, for the purpose of the proceeding in question, would, *prima facie*, be deemed established by the judgment which represented it.

The order should be reversed and the motion to dissolve the injunction granted, with ten dollars costs and disbursements of this appeal to the defendant to abide the event of the action.

BARKER, P. J.; HAIGHT and DWIGHT, JJ., concurred.

Order reversed and motion to dissolve injunction granted, with ten dollars costs and disbursements to abide the event of the action.